# UNITED STATES DISTRICT COURT

JS44            CIVIL COVER SHEET            (Rev. 07/86)

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.
(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**1(a) PLAINTIFFS**
Jon Alin

**DEFENDANTS**
Honda Motor Company, Ltd., American Honda Motor Company, Inc., Honda North America, Inc., Honda of America Manufacturing, Inc., Honda Manufacturing of Alabama, LLC and Honda Engineering North America, Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:**
Morris
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (Foreign Corporation)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
David A. Mazie, Esq.
Matthew R. Mendelsohn, Esq.
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-9898

ATTORNEYS (IF KNOWN)
Unknown

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
☐ 1 US Government Plaintiff    ☐ Federal Question (U.S. Gov't Not a Party)
☐ 2 US Government Defendant    ☒ Diversity* (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
(Place an X in one box for Plaintiff and one box for Defendant)
- Citizen of this State: P x
- Citizen of Another State
- Citizen/Subject of a Foreign Country
- Incorporated or Principal Place of Business in this State
- Incorporated & Principal Place of Business in Another State: D x
- Foreign Nation

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE) (DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Class Action Fairness Act, 28 U.S.C. §1332

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **Personal Injury** | **Personal Injury** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reappointment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury-Med. Malpractice | ☐620 Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury-Product Liability | ☐630 Liquor Laws | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐640 R.R. & Truck | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment and Enforcement of Judgment | ☐330 Federal Employers' Liability | | ☐650 Airline Regulations | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **Personal Property** | ☐660 Occupational Safety/Health | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (excl. veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐690 Other | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veterans Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | ☐710 Fair Labor Standards Act | ☐861 HIA(1395ff) | ☐875 Customer Challenge 12 USC 3410 |
| x 190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐720 Labor/Mgmt. Relations | ☐862 Black Lung(923) | ☐891 Agricultural Acts |
| ☐195 Other Product Liability | | | ☐730 Labor/Mgmt. Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐892 Economic Stabilization Act |
| | | | | ☐864 SSHD Title XVI | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐740 Railway Labor Act | ☐865 RSI (405(g)) | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 | | **FEDERAL TAX SUITS** | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | | | ☐790 Other Labor Litigation | ☐870 Taxes (U.S. Plaintiff or Defendant) | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | | | ☐791 Empl. Ret. Inc. Security Act | ☐871 IRS-Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | | | | | 890 Other Statutory Actions |
| ☐245 Tort Product Liability | | | | | |
| ☐290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
X 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23: X    DEMAND $: in excess of $5,000,000.00    JURY DEMAND: X Yes   No (Check Yes only if demanded in complaint)

**VII. RELATED CASE(S)** (See instructions): None aware of

DATE: September 26, 2008    SIGNATURE OF ATTORNEY OF RECORD    DAVID A. MAZIE

DATE: September 26, 2008    SIGNATURE OF ATTORNEY OF RECORD    MATTHEW R. MENDELSOHN

David A. Mazie
Matthew R. Mendelsohn
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON ALIN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HONDA MOTOR COMPANY, LTD., AMERICAN HONDA MOTOR COMPANY, INC., HONDA NORTH AMERICA, INC., HONDA OF AMERICA MANUFACTURING, INC., HONDA MANUFACTURING OF ALABAMA, LLC, and HONDA ENGINEERING NORTH AMERICA, INC., <br><br> Defendants. | **Civil Action No.:** <br><br> **COMPLAINT AND JURY DEMAND** |

Jon Alin, individually and on behalf of all others similarly situated, by way of Complaint against the defendants, Honda Motor Company, Ltd., American Honda Motor Company, Inc., Honda North America, Inc., Honda of America Manufacturing, Inc., Honda Manufacturing of Alabama, LLC and Honda Engineering North America, Inc. (collectively "Honda) says:

## FACTUAL OVERVIEW

1. Between 1998 and the present, Plaintiff and the Plaintiff Class (as defined below) purchased or leased the Class Vehicles, defined as including but not limited to: Accord, Civic, Odyssey, Element, CR-V, Fit, Pilot, Ridgeline, S2000, RSX, TSX, TL, RL, RDX, MDX and all other Honda and Acura models that have defective condensers, compressors and/or air conditioning ("A/C") systems.

2. The compressor is present in the Class Vehicles to compress and transfer refrigerant gas. The air conditioning system is split into two sides, a high-pressure side and a low-pressure side; defined as discharge and suction. The intake, or suction side, draws in refrigerant gas from the outlet of the evaporator. Once the refrigerant is drawn into the suction side, it is compressed and sent to the condenser, where it can then transfer the heat that is absorbed from the inside of the vehicle.

3. The condenser is present in the Class Vehicles to radiate heat. As hot compressed gasses are introduced into the top of the condenser, they are cooled off. As the gas cools, it condenses and exits the bottom of the condenser as a high-pressure liquid.

4. The Class Vehicles were negligently designed and/or manufactured by Honda in that the condenser is placed in a position on the vehicles that is vulnerable to contact from rocks, pebbles and other road debris during normal driving conditions on paved roadways. Despite the clear vulnerability of the condenser to contact, Honda has failed design the Class Vehicles in a manner that would provide protection to the condenser, such as the use of a guard or grill.

5. The Class Vehicles were also negligently designed and/or manufactured by Honda in that the condenser is manufactured out of materials that cannot withstand the

2

force of impact of rocks, pebbles and other small road debris that every vehicle encounters during normal driving conditions. As a result, the condensers are easily damaged, which causes the A/C system to malfunction and results in costly repairs that Honda refuses to cover under warranty.

6. The Class Vehicles were further negligently designed and/or manufactured by Honda in that the Compressors fail prematurely, contaminating the entire A/C system and requiring replacement of most components and high repair costs.

7. If the Plaintiff and the members of the Plaintiff Class had known about the above-described defect(s) at the time of sale or lease, Plaintiffs would have not purchased or leased the Class Vehicles, or would have demanded that the price or cost be reduced.

8. The Class Vehicles, containing these design and/or manufacturing defect(s), violate accepted engineering and/or automobile industry principles, standards, and guidelines.

## JURISDICTION AND VENUE

9. The United States District Court for the District of New Jersey has jurisdiction over the subject matter of this action pursuant to; (a) the Class Action Fairness Act of 2005, 28 U.S.C. §1332; (b) diversity jurisdiction pursuant to 28 U.S.C. §1332(d)(2); and (c) supplemental jurisdiction pursuant to 28 U.S.C. §1367.

10. While Plaintiff is a citizen of New Jersey, many other members of the Plaintiff Class are citizens of states different than that of one or more defendants and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

11. In addition, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because defendants transact business in this District, are subject to personal jurisdiction in this District, and many of the transactions alleged herein occurred in this District.

### THE PARTIES

12. Plaintiff Jon Alin ("Alin") is a citizen of the State of New Jersey and resides in the Township of Montville, County of Morris, and State of New Jersey. Alin leased a 2007 Honda Odyssey sedan in or about January 2006.

13. Defendants, Honda Motor Company, Ltd., American Honda Motor Company, Inc., Honda North America, Inc., Honda of America Manufacturing, Inc., Honda Manufacturing of Alabama, LLC, and Honda Engineering North America, Inc. are automobile design, manufacturing, distribution, and/or servicing corporations doing business in all 50 states. Defendants design, manufacture, distribute, market, service, repair, sell and lease passenger vehicles, including the Class Vehicles, nationwide.

14. Honda Motor Company, Ltd., 1-1, 2-chome, Minami-Aoyama, Minato-ku, Tokyo 107-8556, Japan, is an automobile design, manufacturing, sale, leasing, distribution, and servicing corporation organized under the laws of Japan. Honda Motor Company, Ltd. is the parent and owns 100% of American Honda Motor Company, Inc., Honda North America, Inc., Honda of America Manufacturing, Inc., Honda Manufacturing of Alabama, LLC and Honda Engineering North America, Inc. These defendants design, manufacture, distribute, market, service, repair, sell and lease passenger vehicles, including the Class Vehicles, throughout the United States.

15. American Honda Motor Company, Inc. has its principal place of business at 1919 Torrance Boulevard, Torrance, California 90501-2746. Honda North America, Inc.

has its principal place of business at 700 Van Ness Avenue, Torrance, California 90501-1486. Honda of America Manufacturing, Inc. has its principal place of business at 4000 Honda Parkway, Marysville, Ohio 43040. Honda Manufacturing of Alabama, LLC has its principal place of business at 1800 Honda Drive, Lincoln, Alabama 35096-5107. Honda Engineering North America, Inc. has its principal place of business at 24000 Honda Parkway, Marysville, Ohio 43040-9251.

16. The "Plaintiff Class" is defined as and consists of: all individuals who purchased or leased a Honda or Acura vehicle including, but not limited to, Accord, Civic, Odyssey, Element, CR-V, Fit, Pilot, Ridgeline, S2000, RSX, TSX, TL, RL, RDX, MDX and all other Honda and Acura models that have the same or similar defective condensers, compressors and/or air conditioning systems from 2000 through the present.

### SPECIFIC FACTUAL ALLEGATIONS AS TO PLAINTIFF ALIN

17. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

18. In or about January 2006, Alin leased a 2007 Honda Odyssey automobile from an authorized dealer in Denville, New Jersey, designed, manufactured and sold by defendants. This vehicle was new at the time of the lease.

19. At the time of lease, Alin's vehicle, as with the Class Vehicles of all the class members, contained a defective condenser, compressor and/or air conditioning system and failed to conform to defendants' warranty. Thereafter, when Alin's Honda Odyssey was still within the factory warranty, Alin noticed that his A/C system had stopped working properly. Soon after, Alin brought his vehicle to authorized Honda dealer and service center in West Caldwell, New Jersey. The Honda technician advised that Alin

was experiencing a common problem, and that his condenser had to be replaced because it had been damaged as a result of being struck by a rock or debris.

20.  Even though Alin suffered these problems and had his car serviced while still under Honda's express 3 year/36,000 mile warranty, Honda's customer service representatives and service personnel misrepresented the true facts to Alin and denied his warranty claim alleging the damage was a result of "outside influence." Alin was therefore forced to bear the cost of the repair of his vehicle.

## REASONS FOR CLASS CERTIFICATION

21.  **Numerosity.** This action is brought by Plaintiff and all other persons similarly situated whose joinder in this action is impracticable because the class is so numerous. The class consists of more than one million Honda and Acura owners and lessees.

22.  **Common Questions of Law and Fact.** There are questions of law or fact common to the members of the class that predominate over questions of law or fact affecting only individual members. The questions of law or fact common to all members include but are not limited to:

(a)  Whether the Class Vehicles contain defective condensers, compressors, and/or air conditioning systems.

(b)  Whether Honda has failed to properly service, repair, correct or address the alleged defect(s) and provide consumers with a non-defective vehicle;

(c)  Whether Honda has breached its warranty due to the existence of the alleged defect(s);

6

(d) Whether Plaintiffs and the Plaintiff Class are entitled to revoke acceptance and/or rescind its contracts of sale and/or lease, as appropriate;

(e) Whether Honda has concealed and/or misrepresented information concerning the defect(s) inherent in the condensers, compressors, and/or air conditioning systems of the Class Vehicles;

(f) Whether the Class Vehicles' condensers, compressors, and/or air conditioning systems are inherently defective and not of merchantable quality.

(g) Whether the Plaintiffs and the Plaintiff Class, as a result of Honda's breach and misconduct, are entitled to injunctive relief and other relief, and the amount of such relief.

23. **Typicality.** The claims of the Plaintiffs are substantially similar to the claims of the entire class and are typical of the claims of the class.

24. **Adequacy of Representation.** Plaintiffs will fairly and adequately protect the interests of the class. They have retained attorneys experienced in the prosecution of complex civil litigation in general, and class actions in particular.

25. **Superiority.** The maintenance of this action as a class action is superior to all other available methods of adjudication in achieving a fair and efficient adjudication of the controversy in this matter because:

(a) The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class;

(b) The action is manageable as a class action because notice of the pendency of this action can readily be furnished to all prospective members of the class because Honda knows their identities;

(c) In view of the complexity of the issues and the expense of litigation, the separate claims of the individual class members are insufficient in amount to support the prosecution of separate actions because such members would lack the economic incentive to prosecute such actions;

(d) It is probable that the amount that may be recovered by individual class members as a group will be large enough in relation to the expense and effort of administering the action to justify a class action;

(e) The class members have a common and undivided interest to ensure that owners and lessees of Class Vehicles will be compensated for the costly repairs to their vehicles as well as the consequent depreciation and diminution in the value of their vehicles and that Honda does not continue to economically damage and defraud consumers through unscrupulous and unconscionable business practices.

## THE CLAIMS OF THE PLAINTIFF AND THE CLASS

### FIRST COUNT
### (Breach of Express Warranty)

26. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

27. At all relevant times, Honda has continuously designed, manufactured, distributed, marketed, sold and leased the Class Vehicles and warranted that each vehicle was free of defects. Moreover, Honda expressly warranted to the general public and to Plaintiffs and Plaintiff Class that the Class Vehicles were safe and properly designed and

manufactured. Honda expressly warranted that these vehicles were safe to use for ordinary and expected uses for a passenger vehicle. Honda warranted to the general public and to Plaintiffs and Plaintiff Class that the construction, design and manufacture of the Class Vehicles were appropriate and safe.

28. Despite Honda's express warranties, however, the Class Vehicles were sold or leased to Plaintiffs and members of the Plaintiff Class in a defective condition in that each Class Vehicle contained a defective condensers, compressors, and/or air conditioning systems that failed prematurely requiring replacement and resulting significant repair costs. Furthermore, defendants failed to warn Plaintiffs and members of the Plaintiff Class of the problems associated with the defective condensers, compressors, and/or air conditioning systems.

29. Unbeknownst to Plaintiffs and members of the Plaintiff Class at the time they purchased or leased the Class Vehicles, Honda designed and sold vehicles that were defective in workmanship, material and manufacturing.

30. By reason of the foregoing, Honda has breached its express warranties to Plaintiffs and members of the Plaintiff Class and is liable to Plaintiffs and members of the Plaintiff Class for such breach.

31. Plaintiff Alin's 2007 Honda Odyssey is covered by a 3-year/36,000 mile express warranty.

32. Honda has known of the aforesaid defects for many years and continues to have knowledge of the defect(s) and breach of its express warranty, yet has intentionally failed to notify Plaintiffs and members of the Plaintiff Class.

9

33. This intended failure to disclose known defect(s) is malicious, and with willful and wanton disregard of the rights and economic interests of Plaintiffs and members of the Plaintiff Class.

34. As a result of the defendants' actions, Plaintiffs and members of the Plaintiff Class have suffered economic damages including but not limited to costly repairs, loss of use of the vehicles, substantial loss in value and resale value of the vehicles, and other damage.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for: compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

## SECOND COUNT
### (Breach Of Implied Warranty)

35. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

36. The purchase or lease of the Class Vehicles by Plaintiffs and members of the Plaintiff Class with defective condensers, compressors, and/or air conditioning systems from Honda authorized dealers and agents, is governed by the warranty provision of the Uniform Commercial Code ("UCC").

37. The UCC has been adopted in every state in the United States of America.

38. Defendants are "merchants" as defined by the UCC.

39. The Class Vehicles are "goods" as defined by the UCC.

40. Defendants express warranty does not and cannot exclude the Uniform Commercial Code's implied warranty of merchantability.

41. Plaintiffs and members of the Plaintiff Class are provided with an implied warranty of merchantability by the UCC.

42. Pursuant to the provisions of the UCC, the Class Vehicles are not "merchantable" because their defective condition does not pass without objection in the trade.

43. The Class Vehicles, at the time they left defendant's control, had defect(s) in the design of the vehicles grill area, condensers, compressors and/or A/C systems.

44. Defendants knew and continue to have knowledge of the defect(s) and breach of their warranty, yet have intentionally failed to notify Plaintiffs and members of the Plaintiff Class.

45. As a direct and proximate result of the defective Class Vehicles and Defendant's breach of the implied warranty of merchantability, Plaintiffs and members of the Plaintiff Class have suffered economic damages, including but not limited to costly repairs, loss of use of the vehicles, substantial loss in value and resale value of the vehicles, and other damage.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for: compensatory damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

### THIRD COUNT
**(Breach of Duty of Good Faith and Fair Dealing)**

46. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

47. Each contract of sale and lease agreement entered by Plaintiffs and members of the Plaintiff Class for the purchase and lease of the Class Vehicles contains an implied term requiring defendants to adhere to a duty of good faith and fair dealing.

48. Defendants have breached their duty of good faith and fair dealing by, among other things, failing to notify Plaintiffs and members of the Plaintiff Class of the defect(s) in the Class Vehicles, and failing to fully and properly repair the defect(s) and resulting damage to the Class Vehicles at no expense to Plaintiffs and members of the Plaintiff Class.

49. Defendants' breach of their implied duty of good faith and fair dealing is intentional, malicious, and with willful and wanton disregard of the rights and interests of Plaintiffs and members of the Plaintiff Class.

50. As a direct and proximate result of Defendants' breach of its implied duty of good faith and fair dealing, Plaintiffs and members of the Plaintiff Class have suffered damages including but not limited to costly repairs, loss of use of the vehicles, substantial loss in value and resale value of the vehicles, and other damages.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for: compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

## FOURTH COUNT
### (Negligent Misrepresentation)

51. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

52. Defendants negligently failed to disclose defect(s) and continuously made negligent misrepresentations regarding the defect(s) in the Class Vehicles to Plaintiffs and

members of the Plaintiff Class during the sale, lease, maintenance, and servicing of said vehicles.

53. Defendants negligently advised the Plaintiffs and members of the Plaintiff Class that the failure of their A/C systems were due to "outside influence" and were not the result of a defect in the vehicle.

54. Plaintiffs and members of the Plaintiff Class justifiably relied on Defendants' representations to their detriment, and as a result, suffered damages.

55. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for: compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

### FIFTH COUNT
### (Unjust Enrichment)

56. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

57. As a direct and proximate result of Defendants' failure to disclose known defect(s) and material misrepresentations regarding known defect(s) in the Class Vehicles, Defendants have profited through the sale and lease of said vehicles.

58. Additionally, as a direct and proximate result of Defendants' failure to disclose known defect(s) and material misrepresentations regarding known defect(s) in the Class Vehicles, Plaintiffs and members of the Plaintiff Class have incurred substantial costs to repair the defect(s) and therefore have conferred an unjust substantial benefit upon Defendants.

59. Moreover, as a direct and proximate result of Defendants' failure to disclose known defect(s) and material misrepresentations regarding known defect(s) in the Class Vehicles, Defendants have profited to the extent that Plaintiffs and members of the Plaintiff Class purchased certified Honda parts to repair the defect(s) and/or serviced Class Vehicles at authorized Honda dealerships to repair the defect(s).

60. Defendants have therefore been unjustly enriched due to the known defect(s) in the Class Vehicles through the use of funds that earned interest or otherwise added to Defendants' profits when said money should have remained with Plaintiffs and members of the Plaintiff Class.

61. As a result of the Defendants' unjust enrichment, Plaintiffs and members of the Plaintiff Class have suffered damages.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for: compensatory damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

## SIXTH COUNT
### (Statutory Consumer Fraud)

62. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

63. The advertisement, promotion, distribution, supply, sale, and lease of the Class Vehicles is a "sale or advertisement" of "merchandise" governed by the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., and implicated and governed by the applicable Consumer Fraud Acts, however titled or described, of every State in the United States of America.

64. By advertising, promoting, distributing, supplying, selling and leasing the Class Vehicles, when Defendants knew or should have known that each of the Class Vehicles' condensers, compressors and/or A/C systems were or could be defective, Defendants engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., and the applicable Consumer Fraud Acts, however titled or described, of every State in the United States of America.

65. Specifically, Defendants did not fully and truthfully disclose to Plaintiff and members of the Plaintiff Class the true nature of the inherent design defects, which were not readily discoverable until after the vehicle was purchased, including in some instances years later. As a result, Plaintiff and the other Class Members were fraudulently induced to lease and/or purchase the Class Vehicles with the said design defects and all of the resultant problems.

66. As a direct and proximate result of Defendants aforesaid Consumer Fraud violations, Plaintiffs and members of the Plaintiff Class have suffered ascertainable losses.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for compensatory damages, treble damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

## SEVENTH COUNT
**(Common Law Fraud)**

67. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

68. Defendants, by and through the continuous misrepresentations and/or omissions falsely represented to Plaintiffs and members of the Plaintiff Class during the sale, lease, maintenance, and servicing, that the Class Vehicles were free of defects. In addition, Defendants made these continuous misrepresentations and/or omissions knowing that they were false and/or misleading.

69. Defendants falsely told the Plaintiffs and members of the Plaintiff Class that the damage to the Class Vehicles' condensers, compressors and/or A/C systems was due to "outside influences," not subject to warranty or Defendants' obligations, despite knowing that the damage was due to the aforesaid defects.

70. Similarly, Defendants did not fully and truthfully disclose to its customers the true nature of the inherent design defects, which were not readily discoverable until after the vehicle was purchased, including in some instances years later. As a result, Plaintiff and the other Class Members were fraudulently induced to lease and/or purchase the Class Vehicles with the design defects and all of the resultant problems.

71. Plaintiffs and members of the Plaintiff Class relied on these representations and omissions to their detriment as intended by Defendants and, as a result, suffered damages.

72. By virtue of the foregoing, Defendants have committed fraud.

WHEREFORE, Plaintiffs and members of the Plaintiff Class demand judgment against the Defendants for: compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such other relief as the Court deems equitable and just.

## EIGHTH COUNT
### (Injunctive Relief)

73. Plaintiff repeats and restates the foregoing allegations as if set forth at length herein.

74. Injunctive relief is appropriate and necessary to remedy Defendants' wrongful conduct and to prevent Defendants from continuing their wrongful conduct.

WHEREFORE, Plaintiffs and Plaintiff Class demand judgment against the Defendants for:

(a) Entry of a preliminary injunction and permanent injunction, requiring defendants to immediately: (1) notify all members of the Plaintiff Class of the aforesaid defect(s), (2) institute a comprehensive recall of the Class Vehicles, (3) inspect all Class Vehicles currently owned or leased by members of the Plaintiff Class to determine the nature and extent of the defect(s) and necessary repairs for each vehicle inspected, (4) fully and properly repair all Class Vehicles, as required, at Defendants' sole expense, (5) provide ongoing annual inspections of all Class Vehicles owned by members of the Plaintiff Class to determine the nature and extent of the defect(s) and necessary repairs of each vehicle inspected, (6) take all necessary steps to modify the design, manufacture, and quality control for the Class Vehicles, to prevent the aforesaid defect(s) from arising in any of the Class Vehicle models in the future.

(b) Attorneys' fees;

(c) Costs of suit; and

(d)     Such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiffs


BY:  *s/David A. Mazie*
        David A. Mazie
        Matthew R. Mendelsohn

Dated: September 26, 2008


## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby further certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.


BY:  *s/David A. Mazie*
        David A. Mazie
        Matthew R. Mendelsohn

Dated: September 26, 2008


(H:\DAM\MRM\Honda\Honda Complaint)

18