UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON ALIN, ROBERT LOUGHEAD, and PAUL FELDMAN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>HONDA MOTOR COMPANY, LTD., AMERICAN HONDA MOTOR COMPANY, INC., HONDA NORTH AMERICA, INC., HONDA OF AMERICA MANUFACTURING, INC., HONDA MANUFACTURING OF ALABAMA, LLC, and HONDA ENGINEERING NORTH AMERICA, INC.,<br><br>Defendants. | Civil Action No. 08-4825 (KSH)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FAIRNESS HEARING** |

**KATHARINE S. HAYDEN, U.S.D.J.**

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Entry of an Order Granting Preliminary Approval of the Class Settlement; and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the Parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully advised of the issues;

IT IS on this 9th day of September, 2011,

**ORDERED** that:

**I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The terms of the Agreement of Settlement, dated January 28, 2011, including all Exhibits thereto (the "Agreement"), are hereby preliminarily approved subject to further consideration thereof at the Final Approval Hearing provided for below. This Order incorporates herein, and

1

makes a part hereof, the Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.  The Court finds that the class settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so as to warrant Notice of the Class Settlement being given as provided in paragraph III of this Order and the Agreement.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation, and that the Agreement was entered into only after extensive arm's-length negotiation by experienced counsel, and with the able assistance of a highly respected mediator.  In particular, the Court observes that the relief provided in the Agreement is responsive to Plaintiffs' class allegations in that the complaint alleged that Defendant refused to cover the cost of Plaintiffs' repairs under their respective vehicle warranties, and the Agreement provides full reimbursement for damage sustained during the class members' individual warranty periods.  Moreover, the Agreement provides Honda CR-V and Acura TSX owners with partial reimbursement for damage sustained outside of the warranty period, but within eight years or 96,000 miles from the date of purchase. In addition, the Agreement responds to Plaintiffs' request for preventive measures by offering Odyssey owners a protective screen, for which Defendant will reimburse class members up to the manufacturer's suggestive retail price of the screen, as well as a portion of labor costs.

**II. THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL**

2. The Settlement Class is defined as:

> All persons who purchased or leased (including initial and subsequent owners and lessees) a Honda Odyssey, model years 2005-2007 ("Odyssey Sub-Class"), Honda CRV, model years 2002-2004 ("CR-V Sub Class") or Acura TSX, model year 2004 ("TSX Sub-Class") distributed for sale in the United States (inclusive of Puerto Rico and Guam) by defendant American Honda Motor Co., Inc.

2

("Honda") (collectively "Class Members").  Excluded from the Class are any officers, directors or employees of Honda and Honda affiliated companies.

3. The Court preliminarily finds that the proposed Settlement Class meets all of the applicable requirements of Fed. R. Civ. P. 23(a), including numerosity, commonality, typicality, and adequacy of representation, and (b)(3), including predominance of common issues and superiority of the class action mechanism for purposes of settlement, and hereby certifies the Settlement Class for settlement purposes only.

4. The Class Representatives are: JON ALIN, ROBERT LOUGHEAD, and PAUL FELDMAN. Based upon the Court's familiarity with the claims and parties, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes.

5. The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g):

David Mazie
Matthew Mendelsohn
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898

Richard Norman
R. Martin Weber
CROWLEY NORMAN LLP
Three Riverway, Suite 1775
Houston, Texas 77056
(713) 651-1771

David Jones
BECK, REDDEN & SECREST, LLP
One Houston Center
1221 McKinney Street, Suite 4500

Houston, Texas 77010-2010
Telephone: (713) 951-3700

Joel Fineberg
JOEL M. FINEBERG, PC
3811 Turtle Creek Blvd, Suite 1900
Dallas, Texas 75219
Telephone: (214) 219-8828

6. If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and plaintiffs and defendants shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

### III. NOTICE TO SETTLEMENT CLASS MEMBERS

7. The Court has considered the proposed Notice Plan set forth in Article 8 of the Agreement, including the notice attached as Exhibit A to the Agreement, the Claim Form, attached as Exhibit B to the Agreement, and the proposal for the creation of a settlement web site by the Claims Administrator (as described in the Agreement), and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional due process requirements of class notice. The Court approves the notice in all respects and orders that notice be given in substantial conformity therewith.

8. Defendants have presented this Court with a form of notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, to be served on the Attorneys' General of the states where class members reside. The Court finds that Defendants, upon mailing of the CAFA

Notice in accordance with 28 U.S.C. § 1715, will have complied with the notice requirements of CAFA.

9. The Court appoints RUST Consulting, Inc. of Faribault, Minnesota as Settlement Administrator. Responsibilities of the Settlement Administrator shall be governed by the Agreement, including but not limited to the following: (a) mailing of Notice to the Settlement Class; (b) establishing and maintaining a toll-free phone number and website for purposes of posting the Notice, the Claim Form, the Agreement, and related documents; (c) accepting and maintaining documents sent from Settlement Class Members, including Claim Forms, Requests for Exclusion, and other documents relating to claims administration; and (d) administering claims and other benefits to the Settlement Class Members. The Court directs that Honda and Experian shall deliver to the Settlement Administrator what they believe in good faith to be a complete listing of the names and last known addresses of all known members of the Settlement Class. The Court further directs the Settlement Administrator to address by first class mail, postage pre-paid by the defendants, the Notice postmarked by November 22, 2011, ("Notice Date"), unless extended by Order of this Court, to each such person by United States Mail at the last recorded address provided by Defendants. The Settlement Administrator shall promptly re-mail any notices returned by the Postal Service with forwarding addresses that are received by the Settlement Administrator.

**IV. REQUEST FOR EXCLUSION FROM THE CLASS**

10. Settlement Class Members who wish to be excluded from the Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, in accordance with the Agreement, so that it is postmarked no later than January 23, 2012, and shall clearly state the

following: the name, address, telephone number, of the individual or entity who wishes to be excluded from the Settlement Class, the VIN number of the excluded vehicle, and any other such information as may be required by the Agreement.

11. A person who submits a valid Request for Exclusion shall not be bound by the Agreement, or the Final Approval Order and Judgment.  Not later than February 9, 2012, the Settlement Administrator shall prepare and deliver to defense counsel and Class Counsel, who shall file it with the Court, a report stating the total number of persons that have submitted timely and valid Requests for Exclusion from the Settlement Class and the names of such Persons. Such Persons will not be entitled to receive any relief under this Settlement.

12. Any Settlement Class Member who does not properly and timely mail a Request for Exclusion as set forth in paragraph 10 above shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and the Final Approval Order and Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

**V. PROOFS OF CLAIM**

13. To effectuate the Agreement and Class Settlement, the Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion and Claim Forms.  The Settlement Administrator shall preserve (on paper or transferred into electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Settlement Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court.  All written communications received by the Settlement Administrator from

Settlement Class Members relating to the Agreement shall be available at all reasonable times for inspection and copying by Class Counsel and defense counsel, including prior to payments being mailed to each Settlement Class Member.

**VI. FEE PETITION**

14. On or before January 2, 2012, Class Counsel shall file with the Court any Fee Petition.

**VII. FINAL APPROVAL HEARING / OBJECTION TO THE SETTLEMENT**

15. A hearing on final settlement approval (the "Final Approval Hearing") will be held on a date and a time to be decided by the Court, following February 9, 2012, at the United States District Court for the District of New Jersey, Frank R. Lautenberg U.S. Post Office & Courthouse, 2 Federal Square, Courtroom No. 5, Newark, New Jersey 07101, to consider, *inter alia*, the following: (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to the Defendants; (d) whether Class Counsel's application for attorneys' fees, expenses, and incentive award compensation for the Class Representatives ("the Fee Petition") should be granted; (e) whether to finally approve the Agreement; and (f) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Settlement Class should be deemed as a final judgment under Fed. R. Civ. P. 54(b) with respect to all claims by Settlement Class Members against the Defendants.

16. On or before February 9, 2012, Class Counsel shall file with the Court, any memoranda or other materials in support of final approval of the Agreement, including any response to objections.  No replies will be permitted unless requested by the Court.

17. Any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Class Settlement, the dismissal with prejudice of the actions, the entry of final judgment, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court on or before January 23, 2012.  Such person must file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before January 23, 2012.  If such filing is not completed electronically through the Court's electronic filing system, such person must also serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, upon counsel listed below in Paragraph 18.  Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

18. Counsel for the Parties who must be served with all documentation described above in paragraph 17, either in person or by mail, are as follows:

Co-Counsel for the Class

Matthew R. Mendelsohn, Esq.
MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898

<u>Counsel for Defendants</u>

Michael C. Andolina, Esq.
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-2228

19. The date and time of the Final Approval Hearing shall be set forth in the notice and posted on the Settlement Administrator's website, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Agreement.

20. All proceedings in this Action with respect to the defendants are hereby stayed and suspended, pending the Final Approval of the Class Settlement ("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlement, or this Order.

21. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall file a Notice of Appearance with the Court on or before January 23, 2012. If such notice is not filed electronically through the Court's electronic filing system, it must be served on the Counsel listed in paragraph 18 above.

22. Upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be deemed to have released and hence will be barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, including the Released

Claims and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## VII. CONFIDENTIALITY

23. Any information received by the Settlement Administrator in connection with the Class Settlement that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the person requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, defense counsel, Honda and the Court, or as otherwise provided in the Agreement.

## VIII. OTHER PROVISIONS

24. Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated in to the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.  Pending the final determination of whether the Settlement should be approved, Plaintiffs and each Class Member shall be enjoined from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims as defined in the Settlement Agreement.  Such injunction shall remain in force unless Plaintiffs and Defendants notify the Court that the Settlement Agreement has been terminated.

25. In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of plaintiffs and defendants.

26. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any defendant, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

27. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

<u>/s/ Katharine S. Hayden</u>
Katharine S. Hayden, U.S.D.J.