Robert and Melodi Sigler
441 Santa Monica
Corpus Christi, TX 78411

RECEIVED

MAR 0 1 2012

AT 8:30_____M
WILLIAM T. WALSH, CLERK

February 27, 2011

Clerk of the Court
District of New Jersey
Federal Building & U.S.
Courthouse
50 Walnut Street
Newark, NJ  07101

RE:  Jon Alin, et al. v. Honda Motor Company, Ltd., 2:08-cv-4825 (KSH) (PS)

Robert and Melodi Sigler, 361-215-5649, current address above.
CLASS VEHICLE MODEL:  2007 HONDA ODYSSEY
LICENSE #:  CVK738
VIN #:  5FNRL38227BO80421

We reviewed the settlement class definition and we are settlement class members. The vehicle identified above was purchased by us during approximately the following time frame: December 2007. We will not attend the fairness hearing in person or by counsel and no documents will be introduced by us except, to the extent applicable, this objection. We ask that the court rule on this objection at the fairness hearing. The reasons we object to the settlement are as follows:

The class notice is not adequate. Insufficient information is provided to enable a class member to determine whether to opt out, make a claim or take other action with respect to the proposed settlement based upon the class notice. The class notice does not adequately explain what class members will receive under the settlement. It is also not clear whether the different sub-classes are represented by different law firms. If the sub-classes are not represented by different law firms, objection is made on the basis that that the same lawyers would have a conflict of interest in attempting to represent different groups in this litigation and in negotiating different relief for each sub-class.

The proponents of the proposed settlement have not discharged their burden of proof on fairness, adequacy and reasonableness. The settlement relief is not adequate. It is also not clear what class members will actually receive in return for their release of claims against the defendants. In any event, the claims process seems overly burdensome and vague and it is doubtful that much if anything will actually be paid out on this

settlement.   The settlement notice also says merely that Honda Odyssey sub-class members "may receive" reimbursement of expenses – "may receive" is not different from "may not receive" – it is nothing.

Attorneys' fees are excessive under either a lodestar or a percentage of recovery evaluation.  Moreover, objection is made to the extent inadequate time and information has been provided to evaluate attorneys' fees prior to the fairness hearing.  In any event, class counsel should have to wait and see how much money is actually paid out in claims before their fee is calculated and approved by the court.   Objection is also made to attorneys' fees on the basis of the conflict of interest identified above.

Thank you for your attention to this matter.

Sincerely,

*Melodi Sigler*

Melodi Sigler

*Robert Sigler*

Robert Sigler


cc:      David Mazie, Esq.
         Matthew R. Mendelsohn, Esq.
         Mazie, Slater, Katz & Freeman, LLC
         103 Eisenhower Parkway
         Roseland, NJ  07068

         Richard E. Norman, Esq.
         Crowley Norman, LLP
         Three Riverway, Suite 1775
         Houston, Texas  77056
         **CLASS COUNSEL**

         David B. Johnson, Esq.
         Sidley Austin, LLP
         One South Dearborn
         Chicago, IL  60603
         **ATTORNEYS FOR HONDA**

Robert and Melodi Sigler
441 Santa Monica
Corpus Christi, TX 78411

07102-3551

Clerk of the Court
District of New Jersey
Federal Building & U.S.
Courthouse
50 Walnut Street
Newark, NJ 07101

RECEIVED

MAR 0 1 2012

AT 8:30
WILLIAM T. WALSH, CLERK
M

US POSTAGE
$ 00.45