UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JON ALIN, ROBERT LOUGHEAD, and PAUL FELDMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | Civil Action No.:08-4825(KSH)(PS)<br><br>**ORDER AND FINAL JUDGMENT** |

  This matter having come before the Court for a hearing on the application of the parties for final approval of the Settlement set forth in the Amended and Superseding Agreement of Settlement ("Settlement Agreement") dated March 3, 2012 [D.E. 160], and on the motion for attorney's fees and expenses dated January 16, 2012 [D.E. 109]; and

  The Court having conditionally certified the class pursuant to Rule 23 of the Federal Rules of Civil Procedure, directing notice to the class by first class mail and publication, appointing Matthew R. Mendelsohn and David A. Mazie of the law firm of Mazie Slater Katz & Freeman, LLC; Richard E. Norman and R. Martin Weber of the law firm Crowley Norman, LLP; David Jones of the law firm Beck Redden & Secrest, LLP; and Joel M. Fineberg of the law firm Joel M. Fineberg, PC as co-Class Counsel; and

  The Court having conducted a hearing on March 26, 2012, and having considered all papers filed in connection with these proceedings as well as the argument of counsel, and for good cause shown;

It is, on this 12th day of April 2012, hereby ordered and adjudged as follows:

1.	For purposes of this Final Judgment, the Court adopts all defined terms set forth in the Settlement Agreement.

2.	The Court has jurisdiction over the subject matter of the Action, the Representative Plaintiffs, all Settlement Class Members, and the Defendants.

3.	Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement, and finds that the Settlement provides substantial and reasonably quantifiable benefits to the Settlement Class and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members.  The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the parties.  The Court hereby overrules all objections to the settlement.  Accordingly, the Settlement is hereby finally approved in all respects.  The parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

4.	The Court hereby finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied, and pursuant to the determination, the Court hereby grants final Certification of the Settlement Class defined in the Settlement Agreement, including but not limited to Section 1.34 thereof.

5.	Except as to any person who filed a timely and valid exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Representative Plaintiffs and all other Settlement Class Members as against the Released Persons.  The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and this Order.

6. Upon the Effective Date, the Representative Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons.

7. Upon the Effective Date, the Representative Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding, in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind asserting any Released Claim against any of the Released Persons.

8. The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law. Due and adequate notice of the proceedings has been given to the Settlement Class Members, and a full opportunity has been offered to the Settlement Class to object to the proposed Settlement, to participate in the hearing thereon, and to request exclusion from the Settlement Class.

9. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the agreements, negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    a. Offered or received as evidence of or construed as or deemed to be evidence of liability or a presumption, concession or an admission by any of the

Defendant of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Litigation or in any litigation, or otherwise against the Defendant, or of any proposed liability, negligence, fault, wrongdoing or otherwise of the Defendant;

  b.  Offered or received as evidence of or construed as or deemed to be evidence of a presumption, concession or an admission of any purported violation of law, breach of duty, liability, default, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Defendant or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Settlement Agreement;

  c.  Deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

  d.  Construed as a concession or an admission that the Representative Plaintiffs or the Settlement Class Members have suffered any damage or as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to the Representative Plaintiffs or the Settlement Class Members after trial; or

  e.  Construed as or received in evidence as an admission, concession or presumption against the Representative Plaintiffs or the Settlement Class Members, or any of them, that any of their claims are without merit.

10. Only Class Members filing a valid and timely Claim Form with Proof of Repair for Reimbursable Repairs shall be entitled to receive Reimbursement Payments.

11. The Claim Procedure is approved as fair and reasonable, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

12. All Class Members, as of the Effective Date, shall be bound by the releases set forth herein whether or not they have availed themselves of the benefits of the Settlement.

13. Co-Class Counsel are hereby awarded the sum of $2,423,523.23 as and for attorneys' fees, which sum the Court hereby finds to be fair and reasonable, and $101,476.57 in reimbursement of expenses, which amounts shall be paid directly to Co-Class Counsel within fourteen (14) days of the Effective Date of the Settlement.

14. Upon entry of this judgment, Representative Plaintiff Jon Alin is awarded $12,500.00 and Representative Plaintiffs Paul Feldman and Robert Loughead are each awarded $2,500.00 as an award for time and effort dedicated to the Litigation, which amounts shall be paid directly to the each of the Representative Plaintiffs by the Defendants, within fourteen (14) days of the Effective Date of the Settlement.

15. The Court hereby finds that payment by Defendant of attorneys' fees, reimbursement of expenses, class representatives' awards and administration of the Settlement do not diminish, invade or reduce the benefits available to the Class.

16. Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Judgment.

17. The Clerk of the Court is directed to designate this case as closed.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.