**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JON ALIN, ROBERT LOUGHEAD, and PAUL FELDMAN, individually and on behalf of all others similarly situated, | : : : : : : |
| Plaintiff, | : **Civil Action No.: 2:08-cv-04825** : |
| vs. | : : |
| | : **CERTIFICATION OF** : **DAVID A. MAZIE** |
| AMERICAN HONDA MOTOR COMPANY, INC., | : : : |
| Defendants. | : : |

DAVID A. MAZIE, of full age, certifies as follows:

1.      I am a partner at the firm Mazie Slater Katz & Freeman, LLC, 103 Eisenhower Parkway, Roseland, New Jersey, 07068 ("Mazie Slater").  I have been appointed Co-Class Counsel in this case.  I submit this supplemental certification in support of plaintiffs' motion for an Order to compel the Objector Appellants to post an appeal bond pursuant to Fed. R. App. P. 7. and submit to depositions.

2.      Attached hereto as Exhibit "A" is the Order in Nichols v. Smithkline Beecham Corp., requiring the objectors to post a bond.

3.      Attached hereto as Exhibit "B" is the Transcript of Recorded Opinion in Dewey v. Volkswagen, requiring the objectors to post a bond.

4.      Attached hereto as Exhibit "C" is the Order in Dewey v. Volkswagen, requiring the objectors to post a bond.

5.      Attached as Exhibit "D" is an Appendix filed in In re Cathode Ray Tube (CRT) Antitrust Litigation, --- F.R.D. ---, 2012 WL 1319881, *2 (N.D. Cal April 16, 2012), detailing the objection history of Christopher A. Badas, Esq.

I hereby certify that the foregoing statements made by me are true.  I am aware if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
DAVID A. MAZIE

Dated: January 13, 2012

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT NICHOLS, ET AL.          :
                                :          CIVIL ACTION
         v.                     :
                                :          No. 00-6222
SMITHKLINE BEECHAM CORP.,       :
_____:
THIS DOCUMENT RELATES TO:       :
ALL ACTIONS                     :

―――――――――――――――――    **O R D E R**

**AND NOW**, this 15th day of November, 2005, upon consideration of End Payor Plantiffs' Motion for Assessment of Appeal Bond (Docket No. 242), and all documents filed in connection therewith, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** in part and **DENIED** in part.[1]  The Motions are denied with respect to the request that

――――――――――――――

[1]End Payor Plaintiffs have moved pursuant to Rule 7 of the Federal Rules of Appellate Procedure for an order requiring the Objectors-Appellants to file a bond of $150,000 to ensure payment of costs on appeal.  The majority of the $150,000 sought by End Payor Plaintiffs is intended to pay for additional settlement administration costs incurred because the appeal will delay the distribution of the Settlement Fund.  End Payor Plaintiffs state that the additional administrative costs caused by the delay will run in the range of approximately $5,000 to $7,000 a month and, if the appeal process takes two years, would cost the Class as much as $170,000 in extra administrative and appeal costs.
    Federal Rule of Appellate Procedure 7 states that "[i]n a civil case, the district court may require appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  "'Costs' referred to in Rule 7 are those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39" and which "have their source in 28 U.S.C. § 1920."  Hirschensohn v. Lawyers Title Ins. Corp., No. 96-7312, 1997 U.S. App. LEXIS 13793, at *3 (3d Cir. 1997).  Costs which are taxable pursuant to Rule 39 include "printing and producing copies of briefs, appendices, records, court reporter transcripts, premiums or costs for supersedeas bonds, or other bonds to secure rights pending appeal, and fees for filing the notice of appeal."  In re Diet Drugs Prods. Liab. Litig., MDL No. 1203, 2000 U.S. Dist. LEXIS 16085, at *11

Objectors-Appellants Eugene Clasby, Frank Giganti, Lillian Rogers, Kathleen McWhorter, William McWhorter, Melissa Nolet, James Geha, Gary Marcus and Rhondo Marcus be required to post an appeal bond of $150,000.  The Motion is granted in that the Objectors-Appellants shall be jointly and severally responsible for posting a $25,000 bond to ensure payment of costs incurred by the End Payor Plaintiffs on appeal should they prevail.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.

---

(E.D. Pa. Nov. 6, 2000) (citing Hirschensohn, 1997 U.S. App. LEXIS 13793, at *1).  End Payor Plaintiffs have cited no authority in this Circuit for the imposition of increased administrative costs as taxable costs on appeal.  Accordingly, the Court concludes that, for purposes of this litigation, costs for which a bond may be required pursuant to Rule 7 are limited to costs taxable pursuant to Rule 39 and 28 U.S.C. § 1920.  See id. at *16.  "A district court may not impose bond in an amount beyond what is necessary to ensure adequate security if to do so would effectively preclude pursuit of an appeal."  Id.  The Court finds that $25,000 is a reasonable estimate of End Payor Plaintiffs' taxable costs in defending these appeals, including printing and producing copies of briefs, appendices, records, and transcripts.  Id. at *19.  Accordingly, it is ordered that the Objector-Appellants are jointly and severally responsible for posting a $25,000 bond to ensure the payment of the costs of End Payor Plaintiffs if they prevail on appeal.

2

# EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
 2

 3   JOHN M. DEWEY, et al.               .
                                         .
 4         Plaintiffs,                   .
                                         .
 5   vs.                                 .
                                         . Case Nos. 07-2249, 07-2361
 6   VOLKSWAGEN AG, et al.,              . (consolidated)
                                         .
 7         Defendants,                   .
     _____    .
 8                                       .
     JACQUELINE DELGUERCIO, et al.       . Newark, New Jersey
 9                                       . October 15, 2010
           Plaintiffs,                   .
10                                       .
     vs.                                 .
11                                       .
     VOLKSWAGEN GROUP OF AMERICA,        .
12   INC., et al.                        .
                                         .
13         Defendants.                   .

14
                     TRANSCRIPT OF RECORDED OPINION
15                    (Revised, see errata sheet)
                    BY THE HONORABLE PATTY SHWARTZ
16                  UNITED STATES MAGISTRATE JUDGE

17   This oral opinion has been reviewed and revised in accordance
     with L. Civ. R. 52.1
18

19   APPEARANCES:

20    For the Plaintiffs:    No one was present

21    For the Defendants:    No one was present

22   Audio Operator:
     Transcription Service:       KING TRANSCRIPTION SERVICES
23                                 65 Willowbrook Boulevard
                                   Wayne, New Jersey 07470
24                                 (973) 237-6080
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1                  (Commencement of proceedings)

 2

 3           THE COURT:  This matter is before the Court by way

 4    of plaintiffs' motions to:  (1) compel the objectors who

 5    filed appeals, hereinafter "appellant objectors," to post an

 6    appeal bond pursuant to Federal Rules of Appellate

 7    Procedure 7; and (2) the West objectors' cross-motion to

 8    enjoin the appellant objectors and appellees from settling

 9    any appeal in this action without seeking approval from this

10    Court.  For the reasons set forth in this Opinion, the

11    motions are granted in part and denied in part.

12           The plaintiffs initiated two class actions against

13    defendants Volkswagen of America, Inc., Volkswagen AG,

14    Volkswagen BG, and Volkswagen Group of America, and Audi AG,

15    and Audi of America, LLC, for alleged defects in certain

16    cars.  On May 11, 2007, plaintiffs John M. Dewey, Patrick

17    DeMartino, and Patricia Romeo, hereinafter the "Dewey

18    plaintiffs," filed a class action complaint alleging that

19    certain VW and Audi vehicles have a defectively designed

20    pollen filter gasket and sunroof drains.  Dewey v. Volkswagen

21    of America, Complaint Civil No. 07-2249, ECF Number 1.  One

22    week later, plaintiff Jacqueline Delguercio initiated a

23    substantially similar class action.  Delguercio v. Volkswagen

24    of America, Inc., Civil No. 07-2361, ECF Number 1.

25           On June 22, 2007, the Court consolidated the cases
```

1   for pretrial purposes.   Dewey, ECF Number 8; Delguercio, ECF

2   Number 6.

3           According to their fourth amended complaints, the

4   plaintiffs allege that design defects in the sunroof drain,

5   the pollen filter, the plenum drains, and other parts of VW

6   and Audi vehicles caused water to pool and spill over rather

7   than drain, damaging the interior cabin, transmission, and/or

8   electrical systems of the car.   See Dewey Complaint at ECF

9   Number 86, paragraph 3, and ECF Number 87, paragraph 8; see

10  also Delguercio Amended Complaint, ECF Number 63 at paragraph

11  8.

12          Based on these allegations, the Dewey plaintiffs

13  asserted claims based on the New Jersey Consumer Fraud Act,

14  the Uniform Commercial Code, common law fraud, negligent

15  misrepresentation, breach of the duty of good faith and fair

16  dealing, and unjust enrichment.   See Dewey Amended Complaint,

17  ECF Number 86, paragraphs 70 through 121.   Based upon these

18  same allegations, the Delguercio plaintiffs allege that the

19  defendants breached express and implied warranties,

20  improperly repaired the vehicles, breached the covenant of

21  good faith and fair dealing, made negligent

22  misrepresentations, violated the New Jersey Consumer Fraud

23  Act, were unjustly enriched, and engaged in fraud.   See

24  Delguercio Amended Complaint, ECF 63, paragraphs 46-97.

25          After more than two years of discovery, the parties

1    notified the Court that they were engaged in serious

2    settlement discussions, but time was needed to obtain

3    confirmatory discovery.  As a result in September 2009, the

4    Court suspended the pretrial deadlines and set deadlines for

5    the parties to file a joint motion for preliminary approval

6    of a settlement class and class settlement and for the

7    appointment class counsel.  See Dewey Orders ECF Numbers 154,

8    155, 157, 160, 162; Delguercio Orders, ECF Numbers 113, 114,

9    116, 118, 120.  At that time, class and merits fact discovery

10   were scheduled to close on September 30, 2009, expert

11   discovery was scheduled to be completed by January 27, 2010,

12   and the final pretrial conference was to occur on

13   February 25, 2010.  See Dewey Order, ECF Number 149;

14   Delguercio Order, ECF Number 110.

15         On November 10, 2009, the United States District

16   Judge approved the parties' request to consent to magistrate

17   judge jurisdiction "to conduct all settlement proceedings and

18   to enter final judgment," pursuant to 28 U.S.C. § 636.  See

19   Dewey, ECF Number 158 and 159; Delguercio, ECF Number 124.

20         On January 29, 2010, the parties filed a joint

21   motion for preliminary approval of a class settlement,

22   preliminary approval of a settlement class, and appointment

23   of class counsel.  Dewey, ECF Number 163; Delguercio, ECF

24   Number 121.  A telephonic hearing on the motion was held on

25   the record on February 3, 2010.  The Court considered the

1    written submissions, oral arguments, and governing law and

2    directed that no later than February 5, 2010, the parties

3    submit revised proposed settlement documents that included

4    certain provisions for notice to the putative class and

5    changes to the documentation needed to obtain reimbursement.

6    Dewey, ECF Number 168; Delguercio, ECF Number 125.  This

7    deadline was ultimately extended until February 11, 2010.

8    Dewey, ECF Numbers 171 and -72; Delguercio, ECF Numbers 125

9    and 126.

10        The order granting preliminary approval of the

11   settlement class, class settlement, and appointment of class

12   counsel was signed on February 17, 2010, and entered on

13   February 23, 2010.  Dewey, ECF Number 175; Delguercio, ECF

14   Number 129.  The order was amended on March 26, 2010, and

15   again on April 14, 2010.  Dewey, ECF Numbers 176 and 178;

16   Delguercio, ECF Number 130.

17        The preliminary approval order provided for

18   preliminary certification of a specified group of class

19   members, and the Court incorporates by reference the class of

20   persons described in the preliminary approval order and

21   judgment.  The proposed settlement provided for:  (1)

22   educational preventive maintenance information for all class

23   members; (2) inspection, modification and repair of plenum

24   and sunroof drain systems for certain qualifying class

25   members; (3) monetary reimbursement for repair and vehicle

1    damage for certain qualifying class members to be paid out of

2    an $8 million reimbursement fund; (4) donation of all

3    unclaimed reimbursement funds to an educational, charitable,

4    or research facility after five years; and (5) payments of

5    $10,000 to each representative plaintiff to be paid separate

6    from the reimbursement fund.   Dewey, ECF Number 174,

7    Attachment 1 at 15-24; Delguercio, ECF Number 128, Attachment

8    1 at page 15-24.   The defendants also agreed to pay class

9    counsel's fees and expenses, but no agreement concerning the

10   amounts or methods to calculate the fees was reached.   Id. at

11   36, paragraphs 15.2-15.3.

12            The amended preliminary approval order also

13   directed that notice of the proposed settlement be

14   communicated in the following ways:   (1) direct mail to all

15   original and subsequent owners and lessees of settlement

16   class vehicles for whom mailing address data is available;

17   (2) establishment of a website with an electronic version of

18   the mailed notice and claim form; and (3) publication in USA

19   Today.   Dewey Order, ECF Number 178; Delguercio Order, ECF

20   Number 130.   See also Dewey, ECF Number 174, Attachment 1 at

21   25-27; and Delguercio, ECF Number 128, Attachment 1 at 25-27.

22            The summary notice was published in USA Today on

23   May 7, 2010, and May 12, 2010, and notices, reimbursement

24   forms where applicable, and a revised maintenance schedule

25   were mailed to 4,202,925 VW class members, and 2,141,208 Audi

1    class members.  See Dewey, ECF Number 216 at paragraphs 4-5

2    and 241 at paragraph 3.  Most class members were given until

3    June 15, 2010, to request exclusion from or file objections

4    to the settlement.  Dewey, ECF Numbers 176 and 178;

5    Delguercio, ECF Number 130.

6            In June 2010, a second mailing was sent using

7    updated addresses for owners and lessees of 579,088 class

8    vehicles who did not receive the first mailed notice.  Dewey,

9    ECF Number 241 at paragraph 3.  The opt-out or objection

10   period and the claims deadlines for those who were sent this

11   second mailing was extended until July 21, 2010, and

12   August 30, 2010, respectively.

13           The settlement administrator, Rust Consulting,

14   established the Court-court ordered website, which as of

15   July 22, 2010, had 19,891 unique visitors.  Id. at paragraph

16   6.  As of July 22, 2010, Rust Consulting also received 1,961

17   emails and 14,918 claim forms.  Id. at paragraphs 6, 10.

18   Rust Consulting also established a toll-free Number, which as

19   of July 22, 2010, received 18,137 calls.  Id. at paragraph 5.

20           The amended preliminary approval order also

21   appointed Mazie Slater Katz & Freeman, and

22   Schoengold & Sporn, PC, as coclass counsel and established

23   deadlines for filing motions for final approval and for

24   attorneys' fees and costs.  Dewey, ECF 178 at 4-5;

25   Delguercio, ECF Number 130 at 4-5.

1          Subsequent orders adjusted the deadline to file

2    motions for final approval of a settlement class and the

3    class settlement and for attorneys' fees, and resolved

4    disputes concerning confirmatory discovery.  Dewey, ECF

5    numbers 181, 185, 191; Delguercio, ECF Numbers 132 and 134.

6          Consistent with the orders on June 9, 2010, the

7    plaintiffs filed their motion for attorneys' fees seeking an

8    award of $22.5 million.  This number was based upon

9    plaintiffs' contention that the value of the settlement

10   exceeded $142 million and their assertion that they were

11   entitled to 15.83 percent of the settlement.  See Dewey, ECF

12   Numbers 194 to 201.

13         On July 23, 2010, the parties notified the Court

14   that the plaintiffs agreed to seek and the defendants agreed

15   not to oppose having the settlement valued at $90 million.

16   See Dewey, ECF Number 238.  Despite the reduction in the

17   value the plaintiffs assigned to the value of the settlement,

18   the plaintiffs repeated their request for the $22.5 million

19   fee award and asserted that this request was based on their

20   view that they are entitled to a fee equal to 25 percent of

21   the revised settlement valuation of $90 million.  See the

22   Fairness Hearing Transcript, 139:6-144:13; see also ECF

23   Number 255, Attachment 5.

24         In support of their valuation figure, the

25   plaintiffs submitted the expert reports of economist

1    Dr. George Eads and appraiser Richard Hixenbaugh, and the

2    defendants presented the expert reports of economist

3    Dr. Janusz Ordover and automotive engineer Robert Lange.

4    Dewey, ECF Number 219 at 35.

5            On June 17, 2010, the plaintiffs filed their motion

6    for final approval of the settlement class and class

7    settlement.   Dewey, ECF Number 213.

8            On June 28, 2010, the defendants filed a brief

9    joining in the request for final approval of the settlement,

10   but disputing the plaintiffs' characterization of the

11   pretrial process, the value of the settlement, and the

12   likelihood the plaintiffs could succeed with class

13   certification and prevail at trial.   Dewey, ECF Numbers 215

14   and 217.

15           In addition to the positions of the parties, the

16   Court considered objections from 203 putative class members

17   and was informed that 1,119 putative class members had opted

18   out of the class and the settlement.   ECF Number 241 at

19   paragraph 8.

20           On July 26, 2010, the Court conducted a fairness

21   hearing.   During the hearing, the Court heard oral argument

22   from the parties and objectors who sought to be heard, and

23   heard testimony from Dr. Eads.   In an Opinion and Judgment

24   dated July 30, 2010, the Court granted the final approval of

25   the settlement class and class settlement and awarded class

1  counsel the amount of $9,207,241.19 in fees; granted the

2  total amount of $677,534.75 to Mazie Slater Katz & Freeman

3  and Schoengold & Sporn as reimbursement for expenses; and

4  awarded the amount of $10,000 to each of the following class

5  representatives:  Kenneth Bayer, Jacqueline Delguercio,

6  Patrick DeMartino, John Dewey, Lynda Gallo, Edward Griffin,

7  Ronald Marans, Francis Nowicki, and Patricia Romeo.  ECF

8  Number 253.

9          Between August 20, 2010, and September 3, 2010,

10 objectors J.M. Cooper, Robert Falkner, Katherine Falkner,

11 Paul M. Kaufman, David T. Murray, Jennifer B. Murray, James

12 Pentz, David Sacks, Lester Brickman, Darren McKinney, Michael

13 Sullivan, Joshua West, Daniel Sibley, and David Stevens,

14 either pro se or through counsel, filed notices of appeal.

15 See Dewey, ECF Numbers 257, 260, 261, and 268.

16          In addition, the plaintiffs and the defendants

17 filed appeals limited to the fee decision.  Dewey, ECF

18 Number 262 and 263.

19          Thereafter on September 7, 2010, and September 13,

20 2010, the plaintiffs filed motions for an order directing the

21 appellant objectors to file a bond pursuant to

22 Fed. R. App. P. 7.  Dewey, ECF Number 266, 267, and 282.

23          On September 20, 2010, the defendants notified the

24 Court that they joined plaintiffs' motions to compel the

25 appellant objectors to post a bond.  Dewey, ECF Number 274.

1          Although plaintiffs, defendants, and certain

2    objectors filed appeals, plaintiffs' present motions seek

3    only an order compelling the objectors to post a bond.

4          On September 17, 2010, appellant objector David

5    Sacks filed a response to the plaintiffs' amended motion for

6    a bond.  Dewey, ECF Number 273.

7          On September 20, 2010, appellant objectors Lester

8    Brickman, Darren McKinney, Michael Sullivan, and Joshua West,

9    hereinafter the "West objectors," filed a brief opposing the

10   motions, and a cross-motion for an injunction to require

11   Court approval for any settlement that a party or objector

12   may reach while the case is on appeal.  Dewey, ECF Number 275

13   and 276 and 277.

14         On September 23, 2010, J.M. Cooper, Robert Falkner,

15   Katherine Falkner, Paul P. Kaufman, David T. Murray, Jennifer

16   B. Murray and James Pentz, hereinafter the "Kaufman

17   objectors," joined the portion of the brief the West

18   objectors filed in opposition to plaintiffs' motions

19   requiring appellant objectors to post a bond, but did not

20   join the West objectors' cross-motion for an injunction.  ECF

21   Number 280.

22         In the notice of limited joinder and brief, the

23   Kaufman objectors represented they would be filing a motion

24   in opposition to the West objectors' motion for an

25   injunction.  To date, however, the Court has not received the

1    opposition.

2                On October 1, 2010, objector appellants David

3    Stevens and Daniel Sibley filed an objection to plaintiffs'

4    motions for a bond.   ECF Number 286.

5                On October 7, 2010, and October 8, 2010, the

6    plaintiffs filed reply briefs in further support of their

7    motions for a bond and in opposition to the cross-motion for

8    an injunction.   ECF Numbers 288 through 290.

9                In support of their motions, the plaintiffs argue

10   that the Court should compel the objectors to post a bond

11   pursuant to Fed. R. App. P. 7 as a condition of prosecuting

12   their appeals because the bond is necessary to ensure the

13   reimbursement for the "significant" costs of obtaining any

14   necessary transcripts, printing costs, and other copying

15   costs, pursuant to 28 U.S.C. § 1920 and Fed. R. App. P. 39(e)

16   the plaintiffs will incur defending the appeal.   Dewey, ECF

17   Number 267, Exhibit 3 at 2-4.   They assert that a bond in the

18   amount of $25,000 is a reasonable estimate for such expenses

19   and request that each objector filing and maintaining an

20   appeal be held jointly and severally liable for the amount of

21   that bond.

22               Plaintiffs also contend that the bond is reasonable

23   and necessary to secure the anticipated the damages resulting

24   from the delay in the implementation of the class action

25   settlement.

1          Plaintiffs also argue that the appellant objectors'

2     appeals lack merit because:  (1) they have not presented a

3     sufficient basis for the Third Circuit to reject or modify

4     the settlement; and (2) the frivolity of the appeals by

5     so-called "professional objectors" necessitates assurance in

6     the form of a bond that the appellees will be able to recover

7     the cost of an appeal being pursued solely for the financial

8     gain associated with litigation of the appeal of the

9     settlement.

10          The plaintiffs filed a supplemental brief arguing

11     that appellant objectors Daniel Sibley and David Stevens

12     should be required to also post a bond as well as requesting

13     that Sibley and Stevens be jointly and severally liable for

14     the amount of the bond.  Dewey, ECF Number 282.

15          In addition to the arguments advanced in their

16     brief dated September 24, 2010, the plaintiffs argue that

17     these two appellant objectors should be required to post a

18     bond because:  (1) these objectors avoided paying basic fees

19     to this Court and the Court of Appeals; and (2) pursuing

20     these particular objectors to recover costs awarded would be

21     burdensome as they reside in Texas.

22          Seven appellant objectors have filed opposition to

23     plaintiffs' motion.  The West objectors have argued that the

24     proposed $25,000 appeal bond violates the federal rules.  ECF

25     Number 276.  The West objectors argue that the plaintiffs

1    presented no evidence to suggest that $25,000 reflects a

2    reasonable estimate of costs that class counsel can recover

3    pursuant to Federal Rule of Appellate Procedure 39.  Insofar

4    as the plaintiffs set forth their anticipated costs, the West

5    objectors assert that the plaintiffs are actually requesting

6    the imposition of a supersedeas bond and that this Court is

7    without authority to impose a supersedeas bond as the

8    appellants have not sought a stay of judgment.

9         The West objectors also argue that the plaintiffs'

10   purported factual basis concerning the alleged motivation for

11   their appeal does not apply to them as their appeal is

12   brought in good faith and it was not filed to extract a

13   settlement.  In any event, they argue that the appellate

14   court should decide the merits of their appeal.

15        Finally, the West objectors advance several policy

16   reasons for rejecting the imposition of an appeal bond,

17   namely, that (1) objectors play an important role as a source

18   of independent scrutiny of a class settlement; (2) bonds

19   frustrate the Supreme Court's framework for class action

20   objections; (3) equitable considerations weigh against

21   imposing an appeal bond on the West objectors because of

22   their counsel's non-profit status; (4) an appeal bond would

23   chill appeals by good-faith objectors; and (5) the

24   plaintiffs' concerns are better addressed by the West

25   objectors' cross-motion to enjoin any settlement of the

1   pending appeals absent Court approval as this remedy will

2   weed out objectors who are appealing in bad faith and is

3   sound as a matter of public policy.

4           In opposition to the motion, appellant objector

5   David Sacks argues that (1) requiring the posting of the bond

6   will effectively prevent review of the settlement because the

7   low value of the settlement makes posting a bond financially

8   unworthwhile; and (2) plaintiffs' request for a bond in

9   amount of $25,000 lacks factual support as costs to class

10  counsel are likely to be significantly lower than $25,000.

11  Appellant objector Sacks requests that in the event the Court

12  compels him and other objectors to post a bond, then class

13  counsel should be required to do the same.

14          Appellant objectors David Stevens and Daniel Sibley

15  also oppose the motion, join the opposition other objectors

16  filed, and further argued that (1) their Texas residency is

17  not a factor to be considered in the imposition of an appeal

18  bond; (2) the appeal was filed in good faith; and (3) Stevens

19  and Sibley are not professional objectors.   ECF Number 286.

20          In reply to the appellant objectors' opposition to

21  their motion, the plaintiffs argue that (1) the appeal bond

22  will ensure the plaintiffs are reimbursed for the expenses of

23  the appeal and avoid the difficulties in collecting the costs

24  from out-of-district objectors; (2) the amount of the bond is

25  reasonable given the anticipated costs; (3) the West

1   objectors' policy arguments are irrelevant given that they

2   address counsel and not the objectors themselves; and (4) the

3   appeals lack merit and were filed in bad faith.   ECF

4   Number 288.

5           As to the West objectors' cross-motion for an

6   injunction, plaintiffs argue the motion should be denied

7   because the appellant objectors have failed to demonstrate

8   that they can satisfy any of the factors necessary to obtain

9   this relief under Fed. R. App. P. 8(a)(1)(C), and in any

10  event, Fed. R. Civ. P. 23 requires Court approval of any

11  settlement, and therefore, an injunction is unnecessary.   ECF

12  Number 29.

13          Rule 7 of the Federal Rules of Appellate Procedure

14  provides that "in a civil case, the District Court may

15  require the appellant to file a bond or provide other

16  security in any form and amount necessary to ensure payment

17  of costs of appeal."  Fed. R. App. P. 7.  The purpose of such

18  bonds is to "protect the rights of appellees ..." *In re*

19  *Insurance Brokerage*, MDL Number 1663, Civ. No. 045684, 2007

20  WL 1963063 at *2 (D.N.J. July 2, 2007, "... against the risk

21  of non-payment by an unsuccessful appellant."   *In re AOL Time*

22  *Warner, Inc.*, MDL 1500, Civ. No. 02-5575, 2007 WL 2741033 at

23  *2 (S.D.N.Y. September 20, 2007).  In some cases these bonds

24  are needed to provide "some level of security to the

25  [appellees] who have no assurances that unsuccessful

1    appellants have the ability to pay the costs and fees

2    associated with opposing their appeals."  *Id.*

3            The decision to require a bond and its amount is

4    subject to the discretion of the District Court.

5    Fed. R. App. P. 7 (1979) Advisory Committee note.  The

6    "District Court, familiar with the contours of the case

7    appealed, has the discretion to impose a bond which reflects

8    its determination of the likely outcome of the appeal."

9    *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) (quoted in

10   *In re* Insurance Brokerage, 2007 WL 1963063 at *2); see also

11   Federal Prescription Services, Inc., v. American

12   Pharmaceutical Association, 636 F.2d 755, 757 n.2 (D.C. Cir.

13   1980).

14           The following factors have guided courts when they

15   exercise their discretion regarding whether to require a bond

16   and its amount:  (1) whether the amount of the bond is

17   necessary to ensure adequate security, *In re* Diet Drugs,

18   MDL 1203, Civ. No. 99-20593, 2000 WL 1665134 at *5 (E.D. Pa.

19   November 6, 2000); (2) whether the amount of the bond will

20   effectively preclude pursuit of the appeal; *Id.*; (3) the

21   appellant's financial ability to post the bond, *In re* Initial

22   Public Offering Securities Litigation, MDL 21-92, 2010 WL

23   2884794 at *1 (S.D.N.Y. July 20, 2010); Fleury v. Richemont

24   North America, Inc., Civil No. 05-4525, 2008 WL 4680033 at *6

25   (N.D. Cal. October 21, 2008); and (4) the risk that the

1   appellant will not pay the costs if it loses the appeal; *In*
2   *re Initial*, 2010 WL 2884794 at *1; *Fleury*, 2008 WL 4680033 at
3   *6; *In re AOL Time Warner*, 2007 WL 2741033 at *2.

4           While it is tempting to also consider whether or
5   not the appeal is frivolous when deciding whether or not to
6   require a bond, and cases such as <u>Adsani</u> suggest that the
7   potential outcome of the appeal can inform the bond decision,
8   the "Court of Appeals is the best forum to litigate the
9   merits of appeal and to account for any frivolity that harms
10  the [appellees]." *In re* <u>American Investor Life Insurance</u>
11  <u>Company Annuity Marketing and Sales Practices Litigation</u>, 695
12  F. Supp. 2d 157, 166 (E.D. Pa. 2010) (citing *In re* <u>American</u>
13  <u>President's Line</u>, 779 F.2d 714, 717-18 (D.C. Cir. 1985)).

14          As the *In re* <u>Diet Drug</u> court observed, "Rule 7 was
15  not intended to be used as a means of discouraging appeals,
16  even if perceived to be frivolous," as the appellee has
17  "adequate remedies available to it in the court of appeals"
18  to seek relief for having to defend a frivolous appeal. *In*
19  *re* <u>Diet Drugs</u>, 2000 WL 1665134 at *5 (citing *In re* <u>American</u>
20  <u>President Lines</u>, 779 F.2d at 717); <u>see also</u>
21  Fed. R. App. P. 38 (setting forth the procedure for seeking
22  compensation for frivolous appeals); <u>see also</u> <u>Vaughn v.</u>
23  <u>American Honda American Motor Company</u>, 507 F.3d 295, 299 (5th
24  Cir. 2007) (discussing how merit or lack thereof of an appeal
25  is a decision for the appellate process and Rule 7 cannot be

1   used to "erect a barrier" to even a frivolous appeal).  As

2   the Vaughn Court observed, even if the objectors are using

3   the appeal "as a means of leveraging compensation for

4   themselves or their counsel [and even where the] detriment to

5   the class members can be substantial ... imposing too great a

6   burden on an objector's right to appeal may discourage

7   meritorious appeals or tend to insulate a district court's

8   judgment in approving a class settlement from appellate

9   review."  Id. 300.

10          Considering each factor, the Court finds that a

11  cost bond is warranted.  First, the appellant objectors have

12  not provided any information that indicates they are

13  financially unable to post a bond.  Fleury, 2008 WL 4680033

14  at *7.  This failing is sometimes construed as showing that

15  the appellants are not arguing they lack the ability to post

16  a bond.  In re AOL, 2007 WL 2741033 at *2; Baker v. Urban

17  Outfitter, Civ. No. 01-5440, 2006 WL 3635392 at *1 (S.D.N.Y.

18  December 12, 2006).  Thus, whether viewed as a lack of proof

19  of financial inability or a decision not to assert a lack of

20  ability to pay, the record does not show that a bond would

21  impose a "impermissible barrier to appeal."  Adsani, 139 F.3d

22  at 79.

23          Second, the record is silent as to whether or not

24  the appellants will pay the costs if they lose the appeal.

25  The lack of any assurance from any appellant objector

1   supports the need for a bond.  See *In re* Currency Conversion

2   Fee Antitrust Litigation, MDL Number M 21-95, 2010 WL 1253741

3   at *2 (S.D.N.Y. March 5, 2010).

4              Third, if the appellant objectors, many or all of

5   whom are located outside this District, are unsuccessful,

6   then the appellees would need to institute a collections

7   action against them in their home states to recover costs.

8   Id.; see also *In re* Initial, 2010 WL 2884794 at *2 n.17.

9   This presents a risk of non-payment and favors requiring a

10  cost bond.

11             As to whether or not bad faith or vexatiousness

12  supports requiring a bond, the appellees argue the appellant

13  objectors' challenges to the settlement are without merit.

14  While there is no need to address the merits of the appeal in

15  the context of this motion, the Court cannot but help note

16  that it is confident that the Court of Appeals will affirm

17  the decisions to approve the settlement as well as the

18  reduced attorneys' fee award.

19             As to the objectors' complaint that the Court

20  failed to consider the different relief provided to different

21  groups of class members, this argument is simply belied by

22  the Opinion.  See Dewey v. Volkswagen of America,

23  Civ. No. 07-2249, 2010 WL 3018305 at *19 (D.N.J. July 30,

24  2010).

25             Furthermore, as explained in the Opinion, the fact

1    that the class representatives did not fall into each of the

2    separate classes does not constitute a conflict of interest

3    between the representatives and of such class members since

4    they had common complaints and sought common relief.  Id. at

5    9 and 19.  Moreover, the appellant objectors ignore the fact

6    that they had a right to opt out of the settlement if they

7    did not want to accept the relief it provided.

8              As to the appellant objectors' complaint that the

9    Court did not allow for a Daubert challenge to the valuation

10   expert, the record shows that the Court, in fact, examined

11   the valuation expert as part of its gatekeeper role and

12   rejected aspects of the expert's opinion for its failure to

13   meet standards to show that it had sufficient basis in law or

14   fact.  Id. at 31-33.  While the word "Daubert" may not have

15   been used, the scrutiny contemplated in the Daubert decision

16   and its progeny was clearly applied.

17             As to the claims the Court erred in assigning value

18   to the educational preventive maintenance component, the

19   Court provided its reasons for assigning value to this part

20   of the settlement.  Id. at 32-33.

21             Furthermore, as to the claim that the Court

22   overvalued the settlement, the Court provided its analysis,

23   and the objectors never provided a competing expert.

24             As to the complaint that the objectors were not

25   permitted to cross-examine the expert during the hearing, the

1    objectors are unlikely to show that the Court abused its

2    discretion to control the examination or that its failure to

3    permit cross-examination was harmful.  In its Opinion and on

4    the record of the Fairness Hearing, the Court set forth its

5    reasons why it declined to permit such an examination, and

6    the Court incorporates those reasons herein.  Id. 5 n.10.

7    Moreover, the appellant objectors fail to identify the areas

8    they would have probed but were not or how their examination

9    would have changed the results, particularly given that the

10   Court considered all objections to the expert and his opinion

11   and thoroughly examined him and his report.

12            As to the complaint that the Court wrongly failed

13   to consider the late-filed submission, the Court set

14   deadlines which were clearly understood by all objectors and

15   provided sufficient time to submit any and all arguments.

16   Id. at 2, 4, and 5.  Moreover, there is no showing that the

17   untimely arguments would have changed the outcome.

18            As to the complaint that the fee award assumes one

19   hundred percent participation, such a complaint is erroneous.

20   In fact, the Court rejected the claim that there would be one

21   hundred percent participation, and this finding, among

22   others, reduced the value of the settlement and the fee

23   award.  Id. at 34.

24            Thus, while frivolity and merit will be decided by

25   the Circuit Court, the record and the Opinion support a

1    conclusion that the appeals are not likely to succeed.

2              Appellees further argue since certain of the

3    appellant objectors are "professional objectors," that the

4    Court should require the bond to be posted.  While other

5    courts have described the professional objectors in less than

6    flattering terms, id. at 16 and n.19, and many courts have

7    required that objectors post bonds, see, e.g., In re Initial,

8    2010 WL 2884794 at *3; In re Cardizem CD Antitrust

9    Litigation, 391 F.3d 812, 814 (6th Cir. 2004); In re Heritage

10   Bond Litigation, Civ. No. 02-382 and Civ. No. 01-5152, 2005

11   WL 2401111 at *4 (C.D. Cal. September 12, 2005); American

12   Investor, 695 F. Supp. 2d at 167; In re Insurance Brokerage,

13   2007 WL 1963063 at *5; In re Diet Drug, 2000 WL 1665134 at

14   *5, the Court declines to require a Rule 7 bond on this basis

15   alone.  Rather, given the absence of any indicator they

16   cannot afford a bond, given the lack of assurance that the

17   costs will be paid if the appeal is lost, and the fact that

18   the appellant objectors are geographically dispersed which

19   will make collection challenging, the Court finds a bond is

20   warranted.

21              Having found that a bond is required, the Court now

22   turns to the amount of the bond.  See, e.g., Fleury, 2008 WL

23   4680033 at *8; In re Diet Drug, 2008 WL 1665134 at *5.  The

24   amount should cover the costs that are potentially

25   recoverable.  Under Rule 7, recoverable costs are "those to

1    be taxed against an unsuccessful litigant under Federal

2    Rule of Appellate Procedure 39." Hirschensohn v. Lawyers

3    Title Insurance Corp., Civ. No. 96-7312, 1997 WL 307777 at *1

4    (3d Cir. April 17, 1997); see also In re American President

5    Lines, 779 F.2d 718-19.  Rule 39 defines covered costs as

6    those associated with "printing and producing copies of

7    briefs, appendices, records, court reporter, transcripts,

8    premiums or costs for supersedeas bonds or other bonds to

9    secure rights pending appeal and fees for filing the notice

10   of appeal." In re Insurance Brokerage, 2007 WL 1963063 at

11   *2.  This covered cost "item stems from 28 U.S.C. § 1920."

12   Id.

13        In the context of cost bonds under Rule 7, courts

14   have not included administrative costs incurred while the

15   appeal is pending, Nicholas v. SmithKline Beecham Corp., Civ.

16   Number 00-6222 at *1 n.2 (E.D. Pa. November 15, 2005)

17   attached to ECF Number 249), damages to the class as a result

18   of the appeal or its frivolity.  In re American Investors,

19   695 F. Supp. 2d at 166, Fleury, 2008 WL 4680033 at *8.

20   Accord In re Initial, 2010 WL 2884794 at *4.

21        As stated previously, the recoverable costs include

22   the preparation and transmission of the record, the

23   reporter's transcript, and filing fees.  According to the

24   certification of Samuel Sporn, Esq., the estimated costs

25   associated with appeal are as follows:  (1) number of pages:

1   4,098; (2) cost and number of bound copies, four copies for

2   the appellate court and one for each objector group: $500 to

3   $700; (3) costs to bind, serve and file supplemental

4   appendix: $22,250 to $30,000.  See the Certification of

5   Samuel Sporn dated October 7, 2010, at paragraphs 6 through

6   9.

7            These estimates are consistent with the case law

8   and the imposition of $25,000 bonds.  In re Initial, 2010 WL

9   2884794 at *3 (requiring a $25,000 bond to cover tens of

10  thousands of dollars in copy costs of a voluminous record);

11  In re Diet Drugs, 2000 WL 1665134 at *6 (requiring a $25,000

12  bond because the copies of the brief for each of the 87

13  attorneys who must receive copies "may run in the tens of

14  thousands of dollars"); see also American Investor, 695 F.

15  Supp. 2d at 167 (imposing a $25,000 bond); In re Insurance

16  Brokerage, 2007 WL 1963063 at *5 (imposing $25,000 bonds).

17           Notably, however, in this case, every side

18  appealed.  The plaintiffs and defendants appealed the Court's

19  fee decision, and the appellant objectors have appealed both

20  the decision approving the settlement and the fee award.

21  Thus, there will be costs associated with the appellate

22  process regardless of whether or not the appellant objectors

23  filed appeals.  They now are just greater as the appellant

24  objectors are appealing the decision to approve the

25  settlement where the other appeals do not.  Cf. In re Diet

1   Drugs, 2010 WL 1665134.  As a result, the objectors' appeal

2   will lead to costs that would not be expended by plaintiffs

3   and defendants since each challenged only the fee award.

4   Nonetheless, because of the additional expense that will be

5   incurred because of the nature of the objectors' appeal,

6   which challenges decisions not challenged by the parties, and

7   for the reasons already stated, the Court will require a

8   bond, but will not require each objector group to file a

9   separate bond.  Rather, the Court will require all appellant

10  objectors to post a single bond to cover taxable costs of up

11  to $25,000.  They will be jointly and severally responsible

12  to post the bond and under which they will be jointly and

13  severally liable.  Given the number of objectors who can

14  share the cost of the bond, this arrangement will adequately

15  secure recovery of costs should the class prevail, but will

16  not "work a financial hardship on the exercise of the

17  objectors' rights to appeal."  In re Diet Drugs, 2000 WL

18  1665134 at *6 (quoted with approval in In re Insurance

19  Brokerage, 2007 WL 1963063 at *3).

20        Objector Sacks asserts that if he is ordered to

21  post a bond, then the class should also post a bond since

22  they also filed an appeal that will require the expenditure

23  of resources to oppose.  ECF 273 at 4.

24        Neither plaintiffs nor defendants oppose this

25  request, and given the lack of their opposition, they too

 1   will be required to post bonds.  Thus, the plaintiffs and

 2   defendants respectfully will also be required to post a bond

 3   for costs of $25,000.  See *In re* Initial, 2010 WL, 2884794 at

 4   *4.

 5           As to the cross-motion to enjoin any settlement of

 6   the appeal without approval from this Court, the Court finds

 7   that such an injunction is unnecessary as Rule 23 of the

 8   Federal Rules of Civil Procedure already bar settlements of

 9   class issues absent court approval.  See Fed. R. Civ. P.

10   23(e)(5).  For this reason, the Court denies the requested

11   injunction.

12           For all of these reasons, the motions to require

13   the appellant objectors to post a single bond pursuant to

14   Fed. R. App. P. 7 is granted as follows:  All objectors who

15   filed appeals are jointly and severally responsible for the

16   posting of a single bond in the amount of $25,000 pursuant to

17   Federal Rule of Appellate Procedure 7 and will be jointly and

18   severally liable.  The plaintiffs are jointly and severally

19   responsible for the posting of a bond in the amount of

20   $25,000 pursuant to Fed. R. App. P. 7 and will be jointly and

21   severally liable under it.  The defendants are jointly and

22   severally responsible for posting a bond in the amount of

23   $25,000 pursuant to Fed. R. App. P. 7 and will be jointly and

24   severally liable under it.  The cross-motion for an

25   injunction to bar any party from reaching a settlement

1    without Court approval denied.

2            An Order consistent with this Opinion will be

3    issued.

4                    (Conclusion of proceedings)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          Certification

2        I, SARA L. KERN, Transcriptionist, do hereby certify

3    that the 30 pages contained herein constitute a full, true,

4    and accurate transcript from the official electronic

5    recording of the proceedings had in the above-entitled

6    matter; that research was performed on the spelling of proper

7    names and utilizing the information provided, but that in

8    many cases the spellings were educated guesses; that the

9    transcript was prepared by me or under my direction and was

10   done to the best of my skill and ability.

11       I further certify that I am in no way related to any of

12   the parties hereto nor am I in any way interested in the

13   outcome hereof.

14

15

16

17

18   s/ *Sara L. Kern*                          October 26, 2010

19   _____          _____
     Signature of Approved Transcriber              Date

20

21
     Sara L. Kern, CET**D-338
22   King Transcription Services
     65 Willowbrook Boulevard
23   Wayne, NJ 07470
     (973) 237-6080

24

25

```
 1                        E R R A T A

 2

 3

 4  1. Page 8, Line 20 date changed from July 27 to July 26

 5  (requested by Dina Mastellone).

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____ :
:
JOHN M. DEWEY, et al.,                 :
:
       **Plaintiffs,**               :
:
     v.                                :     **Civil Action No. 07-2249(FSH)**
:
:
VOLKSWAGEN OF AMERICA, INC.,           :
et al.,                                :       **ORDER**
:
       **Defendants.**              :
:
_____ :

      This matter having come before the Court on the motions of the plaintiffs, in which the

defendants join, for an Order directing the appellant objectors to post a cost bond pursuant to

Fed. R. App.  P. 7 and the cross-motion of certain appellant objectors to enjoin the settlement of

any appeal without court approval;

      and the Court having considered the submissions, record of proceedings, and governing

law;

      and for the reasons set forth in the Opinion delivered on the record on October 15, 2010;[1]

      and for good cause shown

      IT IS ON THIS 15th day of October, 2010

      ORDERED that the motions to require the objectors to post bonds pursuant to Fed. R.

App. P. 7 [ECF Nos. 266, 267, 282] is granted as follows:

---

[1]A transcript of the Opinion can be obtained by contacting King Transcription Service at 973-237-6080.

1.  All objectors who filed appeals are jointly and severally responsible for the posting of a single bond in the amount of $25,000 pursuant to Fed. R. App. P. 7 under which they will be jointly and severally liable;

2.  The plaintiffs are jointly and severally responsible for the posting of a bond in the amount of $25,000 pursuant to Fed. R. App. P. 7 under which they will be jointly and severally liable;

3.  The defendants are jointly and severally responsible for posting a bond in the amount of $25,000 pursuant to Fed. R. App. P. 7 under which they will be jointly and severally liable; and

IT IS FURTHER ORDERED that the cross-motion for an injunction to bar any party from settlement without court approval [ECF No. 275] is denied.

**s/Patty Shwartz**
**UNITED STATES MAGISTRATE JUDGE**

EXHIBIT D

## Motion to Compel Discovery From Objector Hull - Appendix A

### Examples of Cases in Which Christopher Bandas Has Filed Objections and Dismissed, Abandoned or Withdrawn the Objections or Appeal Without Attaining Settlement Changes or Additional Benefits for the Class

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|------|-----------|----------------------|--------|-------------------|
| *Brown v. Wal-Mart Stores, Inc.* (Ill. Cir. Ct., Fourteenth Judicial Cir., No. 01 L 85) | Jill Carlson | Relevant excerpts from 10/29/09 "Order Denying Objections to the Settlement and Fees and the Motion to Intervene and for Pro Hac Vice Admission": <br><br>"Christopher Bandas … is a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country. <br><br>"The Bandas Objection filed on behalf of Ms. Carlson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' client. The record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees.'  Bandas has filed virtually identical, frivolous objections in South Carolina, Iowa, Missouri and Florida in settlements of similar wage and hour class actions against Wal-Mart. <br><br>"In Missouri, Bandas' local counsel appeared at the final fairness hearing but only to withdraw as counsel due to the fact that he could not in 'good conscience…continue to work toward the strategic objectives outlined…by Mr. Bandas.'  Judge Midkiff entered separate orders nullifying the Bandas objection and denying his motion for admission pro hac vice. … This did not dissuade Bandas from filing a Notice of Appeal (with new local counsel)… | Unknown. | Unknown. |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
|  |  | "The Court finds that a lack of involvement and participation by Ms. Carlson and her counsel, combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the Class and/or Class Counsel.  Though filed by two lawyers, the Bandas Objection offers nothing in the way of specific criticisms of the proposed Settlement.  The content of the Bandas Objection demonstrates that neither Ms. Carlson nor her counsel has ever visited the settlement website or read the Stipulation of Settlement in this case.<br><br>"The Court therefore strikes the Bandas Objection for failure of proof, and failure to demonstrate that the objector is acting on behalf of the Class.<br><br>"In *In re: Dynamic Random Access Memory Antitrust Litigation*, filed in the Northern District of California, Bandas withdrew his objection after 'further investigation,' which revealed that Bandas wholly failed to adhere to his Rule 11 obligations to thoroughly investigate his client's claims.<br><br>"In Miller County, Arkansas, attorney Bandas filed a canned objection in *Lane's Gifts and Collectibles, LLC v. Yahoo! Inc.*  The court denied the objection.  Attorney Bandas then appealed, but he withdrew the appeal 48 hours later.<br><br>"Most recently, in March 2009, Bandas withdrew an objection to a proposed settlement he filed in a class action pending in Oklahoma, *Sacket v. Great Plains Pipeline Co., et al.*  The withdrawal came only after counsel for the class vehemently opposed the objection, highlighting Bandas' history of filing canned objections at the last moment in an effort to extort attorneys' fees." |  |  |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Carter v. Wal-Mart Stores, Inc.* (S.C. Ct. Com. Pleas, Colleton Cty., No. 06-CP-I5-839) | Tabitha Forward | Relevant excerpts from 6/3/09 "Order Denying Objections to Settlement Between Class Plaintiffs and Wal-Mart": "The second objection … was purportedly filed on behalf of a class member by a member of the South Carolina Bar and Christopher Bandas, a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country. The Court was informed that Mr. Bandas and a Missouri attorney had filed a virtually identical objection in *Hale v. Wal-Mart*, pending in Missouri. Bandas' Missouri objection was nullified after his local counsel withdrew and no one appeared on Bandas' behalf at the Missouri Fairness Hearing. "[I]n spite of the fact that no one appeared to offer any evidence or testimony in support of the Bandas objection, in spite of the fact that the Bandas objection fails to meet the procedural requirements established by this Court, and in spite of the fact that Mr. Bandas is a serial professional objector, I have reviewed and considered the Bandas objection on its merits. The Court finds that, for a plethora of reasons, the Bandas objection lacks substantive merit." | Unknown filing date. | Voluntarily dismissed (11/19/09). |
| *In re Cellphone Termination Fee Cases*, (Alameda Super. Ct., JCCP No. 4332) | Sulekha Anand | The 6/10/08 Final Approval Order and Judgment makes no mention of objections. | Filed 6/26/08 (Cal. App. 1st Dist., No. A122765). | The California Court of Appeal affirmed the judgment. 180 Cal. App. 4th 1110 (2009), *rev. denied*, 2010 Cal. LEXIS 3458 (Apr. 14, 2010). |
| *Checkmate Strategic Group v. Yahoo! Inc.* (C.D. Cal., No. 05-cv-04588-CAS-FMO) | Backwater Safari Guide Service; Larry Ebest; Ruben Lerma | Other objectors to the settlement withdrew their objections prior to the entry of the 3/26/07 final approval order and judgment (Dkt. 200). | Filed 4/26/07 (9th Cir., No. 07-55597). | Voluntarily dismissed pursuant to stipulation (Dkt. 8, 7/31/07). |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Closson v. Bank of America* (San Francisco Super. Ct., No. CGC-436877) | Doris Saint; Aaron Petrus; Jan L. Petrus | Overruled (8/3/09 Order Finally Approving Class Action Settlement). | Filed 9/1/09 (Cal. App. 1st Dist., No. A125963). | Voluntarily dismissed (6/23/11). |
| *Conroy v. 3M Corporation* (N.D. Cal., No. C 00-2810 CW) | Lillian Rogers | Final approval order and judgment entered 4/21/06.  The Court granted plaintiffs' motion to require Bandas to post an appellate cost bond totaling $431,167.  "The Court finds that the Bandas Law Firm and Ms. Rogers' objections to the proposed settlement were unfounded, and therefore views their appeals as unlikely to succeed. … Ms. Rogers' objections were patently frivolous: her cookie-cutter written objection bore no particular relationship to the circumstances of the settlement here, and at the hearing, her counsel erroneously referred to this case as involving 'defective' tape."  2006 U.S. Dist. LEXIS 96169, at *10-11 (N.D. Cal. Aug. 10, 2006). | Bandas Law Firm, P.C. appeal of final approval order filed 5/25/06 (9th Cir., No. 06-15980).  Bandas Law Firm, P.C. appeal of bond order filed 8/21/06 (9th Cir., No. 06-16627). | Appeal of final approval order voluntarily dismissed (9/22/06).  Appeal of bond order voluntarily dismissed (9/19/06). |
| *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.* (N.D. Cal., Master File No. M-02-1486-PJH, MDL No. 1486) | Erwin Bruder; Michael Richline, dba Richline Technical Services | Bruder and Richline objections filed 10/3/06, withdrawn 10/31/06. | Not filed. | Not applicable. |
| *Fleury v. Richemont North America, Inc.* (N.D. Cal., No. C-05-4525 EMC) | Mary Meyer | "[T]he Court has considered the objections that were made but none persuade the Court that the settlement should be further altered."  7/3/08 final approval order (Dkt. 278) at 34. | Appeal of final approval order filed 7/23/08 (9th Cir., No. 08-16724).  Appeal of fee order filed 8/13/08 (9th Cir., No. 08-16995). | Both appeals voluntarily dismissed (Dkt. 11, 13, 12/9/08). Stipulated settlement of 12/4/08 in which plaintiffs and defendants paid a combined $55,000 to Meyer's counsel Bandas and Frank Liuzzi. |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Hale v. Wal-Mart Stores, Inc.* (Mo. Cir. Ct., Jackson Cty., No. 01 CV 218710) | Debbie Taylor | Unknown. | Filed 7/2/09. | Voluntarily dismissed (11/10/09). |
| *Lane's Gifts and Collectibles, L.L.C. v. Yahoo! Inc.* (Ark. Cir. Ct., Miller Cty., No. CV-2005-52-1) | Depo Express; Christopher Bandas; Bandas Law Firm | Final approval order and judgment, and order denying objectors' motion to intervene entered 7/26/06 and 8/1/06. | Filed 8/23/06; withdrawn shortly thereafter. | Not applicable. |
| *Lobo Exploration Company v. BP America Production Company* (Okla. Dist. Ct., Beaver Cty., No. CJ-97-72) | Vernon Scott | In its 11/14/05 "Order Striking the 'Objection' of Vernon Scott and Denying the Motion of Christopher Bandas to be Admitted Pro Hac Vice," the court found that Bandas's client was not a class member. "Mr. Scott purports to be a royalty owner in BP America operated wells – this action involves working interest owners, and has absolutely nothing to do with royalty interests. Accordingly, Mr. Scott is not a Class Member and lacks standing to object to the Settlement or to the request for Fees and Costs." The objection was also found to be untimely.<br><br>A month later, Bandas filed an appeal on behalf of the same objector. | Filed 12/15/05. | Unknown. |
| *In re: Managed Care Litig.* (S.D. Fla., No. 00-MD-01334) | Ray G. Hooper. M.D. | The 3/15/06 final approval order (Dkt. 4876) indicated that the court had considered the various objections. | Filed 4/12/06 (11th Cir., No. 06-12354-E). | Voluntarily dismissed (on or about 5/9/06). |
| *Mussmann v. Wal-Mart Stores, Inc.* (Iowa Dist. Ct., Clinton Cty., No. LACV-27486) | Terry Healy | Relevant excerpts from 10/13/09 "Order Regarding Terry Healy's Objection and Motion to Intervene":<br><br>"Mr. Healy became involved in this lawsuit after being contacted by attorney Jim Roth at the request of Texas attorney Christopher Bandas. Attorney Bandas has filed objections in other similar lawsuits filed in other states. Mr. Bandas is a professional objector counsel. | Not filed. | Not applicable. |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | "Mr. Healy knew from the first conversation with Mr. Roth that 'Mr. Bandas was behind this,' and that 'Mr. Bandas was doing this all across the country.'<br><br>"Neither attorney Bandas, nor attorney Roth advised Mr. Healy that attorney Bandas had been found by a Florida court in the *Ouellette* Order to be engaging in a conspiracy with his clients and co-counsel to extort money from class members and class counsel, through a similar practice of objecting to the proposed settlement in the Florida Wal-Mart lawsuit.<br><br>"Terry Healy's 'canned' objection in this matter closely resembles the numerous other objections filed by attorney Bandas in other jurisdictions where Wal-Mart settlements have been finally approved, including South Carolina, Florida and Missouri. The consistency of attorney Bandas' errors and the similarity between attorney Bandas' objections across different cases demonstrates the canned nature of the objection and reveals attorney Bandas' true motives.<br><br>"It is obvious here that the attorneys initiating Mr. Healy's objection expended minimal time and resources, by filing a 'canned' objection to the proposed settlement and then not participating or appearing in any formal sense. In those circumstances, the merits of the objection appear to be of little consequence to the professional objector; causing delay in the settlement process generates their fees and payments, not proving to the trial court that the proposed settlement is inappropriate. … Upon filing the notice of appeal, the professional objector simply waits for class counsel to succumb to the pressure pay the extorted fees in return for dismissing the appeal and releasing the settlement funds. | | |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | "[T]his Court concludes that attorney Christopher A. Bandas is a professional objector.  The Court is concerned that attorney Bandas is seeking to wrongfully use the class action settlement and objection process for personal gain, and without any corresponding benefit to any individual objector or the settlement class as a whole.  Attorney Bandas, acting through local counsel, Mr. Roth, contacted a class member who did not otherwise display any motivation to object or to intervene in the proposed class action settlement. <br><br>"One Court describes these efforts by attorney Bandas and other professional objectors as 'extortion.'" (citing *Ouellette*)." <br><br>Re the deposition of objector Healy:  "Mr. Healy has no doubt in his mind that the *Ouellette* Court, when they are talking about extortion of money by these attorneys, including the action of Christopher Bandas. … Mr. Healy then wanted to stop the deposition, 'because I think it is a farce. … [T]he fact is that neither one of these two attorneys are willing to intercede on my behalf here, and there's something wrong with that.  I'm sorry.  So you know, you can bother someone else.  I really don't care. … I was of the understanding I wouldn't have to give a deposition.  That's a lie right there. … I'm here and neither one of these are available to help me out here.  I don't really need this.  So absolutely I don't want no more [sic] to [do] with this.'" | | |
| *Ouellette v. Wal-Mart Stores, Inc.* (Fla. Cir. Ct., Washington Cty., No. 67-01-CA-326) | Kevin Dimla | Relevant excerpts from 8/21/09 "Order and Final Judgment Approving Settlement Between Class Plaintiffs and Wal-Mart Stores, Inc.": <br><br> "The Court finds that all of the objections filed against the settlement of this case were all generic boilerplate | Filed 9/25/09 (Fla. App., 1st Dist., No. 1D09-4881). | Voluntarily dismissed (10/29/09). |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|------|-----------|---------------------|--------|-------------------|
| | | objections prepared and filed by a group of attorneys who the Court finds have been working through collusion for their own personal benefit and not for the benefit of this class or their clients. … The Court finds that a lack of involvement and participation of the objectors and their counsel who were not present and a lack of involvement and participation of the attorneys that were present combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the class and/or class counsel. The court struck the objections … for failure of proof, failure to demonstrate participation in the class action on behalf of the class, and failure to appear at the fairness hearing.  Further, the Court finds that all of the objections … have no substantive merit and the court overrules all of the objections on that additional ground."  Slip op. at ¶¶19-20. | | |
| *Savaglio v. Wal-Mart Stores, Inc.* (Alameda Super. Ct., No. C-835687) | Lolita Wells | Final approval of settlement granted 4/8/10, overruling objections except as to amount of attorneys' fees.  The 9/10/10 order on fees indicated that the court had "rejected all objections to the requested fee award." | Not filed. | Not applicable. |
| *In re Smokeless Tobacco Cases I, II* (San Francisco Super. Ct., JCCP Nos. 4250, 4258, 4259, 4262) | Sean Hull | Objection filed 2/4/08 in pro per.  Involvement of Bandas was divulged on 2/20/08 by Dennis Bartlett, a Denver attorney who was representing Hull.  Final approval granted and fees awarded 3/12/08. | Hull filed notice of appeal on 4/11/08. | Voluntarily dismissed (2/26/09). |
| *In re: Wal-Mart Wage and Hour Employment Practices Litig.* (D. Nev., MDL No. 1735) | Jessica Gaona | Final approval order of 11/2/09 (Dkt. 491) indicated that the court had considered and rejected the objections.  After various objectors appealed the final approval order, the court granted plaintiffs' and defendant's motions for bond pending appeal, stating: "For the reasons articulated at the hearing conducted October 19, 2009, and for the additional reasons advanced by Plaintiff's co-lead class counsel and Defendant Wal-Mart in their respective | Filed 11/23/09 (9th Cir., No. 09-17648). | Dismissed by summary affirmance of 11/2/09 final approval order (Dkt. 47, 8/10/10). |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|------|-----------|---------------------|--------|-------------------|
| | | motions for bond pending appeal, the Court finds that the objections are not supported by law or the facts and are indeed meritless.<br><br>"Objectors' counsel have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class.<br><br>"In sum, this Court finds that the Appeals taken by Objectors Gaona, Swift, Andrews and Maddox, are frivolous and are tantamount to a stay of the Judgment entered by this Court on November 2, 2009 approving the comprehensive class settlement in this case which provides fair compensation  [*18] to millions of class members, as well as injunctive relief ensuring against further loss to persons similarly situated. The Court further finds that the four Objectors should be required to file and appeal bond sufficient to secure and ensure payment of costs on appeals which in the judgment of this Court are without merit and will almost certainly be rejected by the Ninth Circuit Court of Appeal."  2010 U.S. Dist. LEXIS 21466 (D. Nev. March 8, 2010), *stay denied*, 2010 U.S. Dist. LEXIS 52001 (May 25, 2010).  The objectors were ordered to pay an appeal bond of $500,000.  2010 U.S. Dist. LEXIS 21466, *18-19.<br><br>In the subsequent order on objectors' motion to stay the March 8, 2010 ruling, Judge Pro stated: "The argument's [sic] by Objectors counsel that they misunderstood the law with regard to their obligations to either to comply with this Court's Order that they post an appeal bond or otherwise seek relief from that Order rings hollow.  The conduct of Objectors and their counsel is compounded by their prior demand of $800,000 to cease their appeals. | | |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | The obligation of Objectors to comply with this Court's Order that they post an appeal bond and the justification for their failure to do so falls on the shoulders not only of the four objectors individually, but on those of their counsel." 2010 U.S. Dist. LEXIS 52001, *15-16.<br><br>On June 3, 2010, the Ninth Circuit stayed the May 25, 2010 bond order pending the appeal of the final approval order, and on August 10, 2010 affirmed the district court's order approving the settlement. | | |
| *In re: Wal-Mart Stores, Inc. Wage and Hour Litig.* (N.D. Cal., No. 06-CV-02069 SBA) | Nicole Clemente; Lolita Wells | Objections filed 9/7/10; withdrawn 11/6/10. | Not filed. | Not applicable. |
| *Wilson v. Airborne, Inc.* (C.D. Cal., No. CV-05-00770) | Kervin M. Walsh | Objections overruled in final approval and fee order (Dkt. 170, 8/13/08). | Filed 9/11/08 (9th Cir., No. 08-56542). | Voluntarily dismissed per stipulation (Dkt. 18, 2/20/09). |
| *Yoo v. Wendy's Int'l.* (C.D. Cal., No. CV07-4515 (FMC (JCx)) | Kervin M. Walsh | Settlement approved and fees awarded 3/9/09 (order revised 3/13/09). | Filed 4/8/09 (9th Cir., No. 09-55554). | Voluntarily dismissed (10/26/09). |